FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

14 SEP -4 PM 12: 5

CLERK, U.S. DISTRICT COU
MIDDLE DISTRICT OF FLOR
FT. MYERS, FLORIDA

| | |
|---|---|
| **KEVIN CALDERONE**, an individual, **GEORGE SCHWING**, an individual, **MICHAEL ZALESKI**, an individual, **SELENA LEE**, an individual, and on behalf of all other similarly situated individuals, <br><br>         Plaintiff, <br><br> v. <br><br> **MICHAEL SCOTT**, as the duly elected Sheriff of Lee County, Florida, <br><br>         Defendant. | **CIVIL ACTION** <br><br> **Case No. 2:14-cv-** <br><br> **Judge:** <br><br> **Mag. Judge:** <br><br> 2:14-cv-519-FtM-29CM |

## VERIFIED COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiffs, **KEVIN CALDERONE**, **GEORGE SCHWING**, **MICHAEL ZALESKI** and **SELENA LEE** (collectively "Named Plaintiffs"), on behalf of all other similarly situated individuals, who are persons of the full age of majority and residents of the State of Florida, by and through undersigned counsel, and states the following for their Complaint:

### CAUSES OF ACTION

1.      This is an action brought under the federal Fair Labor Standards Act ("FLSA") and common law for violation of the FLSA- unpaid wages and overtime, and (2) unjust enrichment.

### PARTIES

2.      The Plaintiff, **KEVIN CALDERONE** ("CALDERONE") is an individual and a resident of Florida who currently resides in Lee County, Florida and at all times had individual coverage under the FLSA during his employment with the Defendant. At all material times, **CALDERONE** has been employed by the Defendant, the duly elected Sheriff of Lee County,

1

Florida as a Deputy Sheriff. **CALDERONE** performed work for the Defendant in Lee County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **CALDERONE** was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida. **CALDERONE** consents to bring suit against Defendant under the FLSA.

3.      The Plaintiff, **GEORGE SCHWING** ("**SCHWING**") is an individual and a resident of Florida who currently resides in Lee County, Florida and at all times had individual coverage under the FLSA during his employment with the Defendant. At all material times, **SCHWING** has been employed by the Defendant, the duly elected Sheriff of Lee County, Florida as a Deputy Sheriff. **SCHWING** performed work for the Defendant in Lee County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **SCHWING** was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida. **SCHWING** consents to bring suit against Defendant under the FLSA.

4.      The Plaintiff, **MICHAEL ZALESKI** ("**ZALESKI**") is an individual and a resident of Florida who currently resides in Lee County, Florida and at all times had individual coverage under the FLSA during his employment with the Defendant. At all material times, **ZALESKI** was employed by the Defendant, the duly elected Sheriff of Lee County, Florida as a Deputy Sheriff. **ZALESKI** performed work for the Defendant in Lee County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **ZALESKI** was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida. **ZALESKI** consents to bring suit against Defendant under the FLSA.

2

5.      The Plaintiff, **SELENA LEE** ("LEE") is an individual and a resident of Florida who currently resides in Lee County, Florida and at all times had individual coverage under the FLSA during her employment with the Defendant. At all material times, **LEE** has been employed by the Defendant, the duly elected Sheriff of Lee County, Florida as a Deputy Sheriff. **LEE** performed work for the Defendant in Lee County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **LEE** was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida. **LEE** consents to bring suit against Defendant under the FLSA.

6.      The Defendant, **MICHAEL SCOTT** ("SHERIFF" or "DEFENDANT"), the duly elected Sheriff of Lee County, Florida, is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). The Defendant has the sole authority to hire, fire and discipline his deputies, he supervises and controls the deputies' work schedule and conditions of employment, he determines the rate and method of payment for the deputies and he maintains employment records of the deputies, none of whom are members of his personal staff.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FFSA. An opt-in Collective Action is sought under FLSA 216(h).

8.      This Court has supplemental jurisdiction over the Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367.

9.      Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiffs resides in, and the Defendant conducts business in, and some or all of the

3

events giving rise to Plaintiffs' claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since the action accrued in Lee County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

### I.   Introduction.

10.   Named Plaintiffs have worked for the Defendant within the last three years.

11.   Named Plaintiffs bring this action against the Defendant for legal relief to redress unlawful violations of their rights under the FLSA and specifically the collective action provision of the FLSA found in 216(b), to remedy violations of the wage provisions of the FLSA by the Defendant, which have deprived Named Plaintiffs, as well as others similarly situated to Named Plaintiffs, of their lawful wages.

12.   Other current and former employees of the Defendants are also entitled to receive unpaid wage compensation for the reasons alleged in this Complaint. Named Plaintiffs are permitted to maintain this action "for and on behalf of themselves and other employees similarly situated." 29 U.S.C. 216(b). Any similarly-situated employee (current or former) wishing to become a party plaintiff to this action must provide "his consent in writing to become such a party, and such consent must be filed with this Court. 29 U.S.C. 216(b).

13.   By filing this Complaint, each of the Named Plaintiffs consent to sue with respect to each such Plaintiffs' FLSA claim for relief against Defendant pursuant to 216(b) of the FLSA and hereby seek relief under that provision. Hundreds of other similarly situated non-exempt employees may elect to join this collective action if given proper notice of the pendency of the action and an opportunity to participate by "opting-in." "Consents to Sue" on behalf of additional potential opt-in plaintiffs of the Collective Action may be filed as this litigation progresses.

4

14.     Each of the Named Plaintiffs are distinguishable from other non-similarly situated employees of the Defendant because the Named Plaintiffs and the potential opt-in plaintiffs are uniformed deputies who drive a police cruiser in their capacity as hourly non-exempt employees of the Defendant.

15.     Defendant's practices are in direct violation of the FLSA, 29 U.S.C. 201 et. seq. Named Plaintiffs seek injunctive and declaratory relief, compensation, and credit for all unrecorded and uncompensated work required or permitted by Defendant, liquidated and/or other damages as permitted by applicable law, and attorneys' fees and costs.

16.     This action is brought to recover unpaid hourly compensation owed to the Named Plaintiffs and all current and former employees of Defendant who are similarly situated to Named Plaintiffs pursuant to the FLSA. Named Plaintiffs and the collective group similarly situated are or have been employed by the Defendant and are required to perform certain work functions for which they are not compensated. Named Plaintiffs and the collective group of similarly situated individuals include persons working for the Defendant as deputies in hourly positions.

17.     The Named Plaintiffs and those similarly situated are or were hourly hourly employee who worked for the Defendant as nonexempt employees (deputies) entitled to hourly wages under the FLSA. Named Plaintiffs allege on behalf of themselves and all similarly-situated persons, that the Defendant has willfully engaged in a pattern and practice of unlawful conduct by failing to record, credit, or compensate Defendant's non-exempt, hourly wage employees, including Named Plaintiffs and potential opt-in plaintiffs, for all of the time the Defendant requires or permits such employees to perform work for the benefit of the Defendant.

18.     At all relevant times, Sheriff's employment of Named Plaintiffs and similarly situated persons has been governed by the Lee County Sheriff's Office Policy and Procedure

manual, which provides that any time worked by a Deputy Sheriff in excess of 86 hours per 14-day work period will be compensated as overtime at one and one-half times his or her regular pay.

19.    At all relevant times, Sheriff has required Plaintiffs and similarly situated persons currently and formerly employed by Sheriff, to work, perform duties and spend time, which they did, that constituted compensable regular and overtime hours under the FLSA, including but not limited to:

     a.  Completing, participating in and performing pre-shift and post-shift activities on and off the premises of the Lee County Sheriff's Office that were required as part of, integral and indispensable to the work and principal activities of a Deputy;

     b.  Donning, doffing, dressing-up and dressing-down of specialized protective equipment, gear and outfitting that is integral and indispensable to the work and principal activities of a Deputy;

     c.  Walking to and from pre-shift and post-shift activities, work areas, stations, roll-call, the briefing room, the equipment room, posts and patrol vehicles;

     d.  Uniform patrol duties on all shifts to be immediately responsible for the enforcement of all traffic violations from the moment the Deputy gets in his/her marked vehicle;

     e.  Uniform patrol duties on all shifts to be immediately turn on and engage their radio and to respond to any calls, and;

     f.  Uniform patrol deputies on all shifts to be prepared for duty one half hour prior to their assigned time, constituting "on-call" time under the FLSA.

20.     The Defendant's practice of requiring or permitting its hourly non-exempt employees to work off-the-clock is in violation of the FLSA because such employees perform work for the benefit of the Defendant for which the employees are not compensated. To the extent that such work is performed during a work week in which the affected employees have, or would have, worked in excess of eighty-six (86) hours per 14-day period, such practice further violates the overtime pay provisions of the FLSA by virtue of the Defendant's failure to pay compensation at a rate of one and one-half (1 1/2) times the employees' regular hourly wage rate.

## COUNT I: COLLECTIVE ACTION ALLEGATIONS

21.     The Plaintiffs hereby incorporate Paragraphs 1-29 in this Count as though fully set forth herein and bring this Count on behalf of all others similarly situated.

22.     This claim for relief based on FLSA violations is brought by the Named Plaintiffs in their own right and as a collective action under 29 U.S.C. § 216 (b) for claims under the FLSA asserted on behalf of all other similarly situated persons currently or formerly employed as a Deputy Sheriff by Sheriff during the applicable time limitations period ("FLSA Collective Action").

23.     This action is maintainable as a collective action under 29 U.S.C. § 216 (b) because Plaintiffs and similarly situated Deputies were, and are, subject to common policies, practices and/or edicts of the Defendant, which include, but are not limited to:

a.  Defendant systematically failing and refusing to compensate Deputies who are required to complete, participate in and perform pre-shift and post-shift activities on Sheriff's premises that were required as part of, integral and indispensable to the work and principal activities of a Deputy;

7

b. Defendant systematically failing and refusing to compensate Deputies for requiring them to engage in the donning, doffing, dressing-up and dressing-down of specialized protective equipment, gear and outfitting that is integral and indispensable to the work and principal activities of a Deputy;

c. Defendant systematically failing and refusing to compensate Deputies who are required to walk to and from pre-shift and post-shift activities, work areas, stations, roll-call, the briefing room, the equipment room, posts and patrol vehicles;

d. Defendant systematically failing and refusing to compensate uniform patrol duties who, on all shifts, are required to be immediately responsible for the enforcement of all traffic violations from the moment the Deputies get in his/her marked vehicle;

e. Defendant systematically failing and refusing to compensate uniform patrol Deputies who, on all shifts, are required to immediately turn on and engage their radio and to respond to any calls, and;

f. Defendant systematically failing and refusing to uniform patrol Deputies on all shifts who are required to be prepared for duty one half hour prior to their assigned time, constituting "on-call" time under the FLSA.

24.     Named Plaintiffs and potential opt-in plaintiffs performance of the tasks listed above in paragraphs 23(a)-(f) constitutes an integral and indispensable part of the principal activities for which they are employed and is therefore itself a principal activity and compensable under the FLSA.

8

25.     Named Plaintiffs and potential opt-in plaintiffs of the Collective Action do not receive credit for, and are not compensated for, any of the work described in paragraphs 23(a)-(f), which is performed for the benefit of the Defendant. The Defendant does not record, report, or maintain records of such unpaid work performed by Named Plaintiffs and potential opt-in plaintiffs of the Collective Action.

26.     Defendant's policies requiring deputies to perform the additional and uncompensated work identified in paragraph 23(a)-(f) applied (and applies) uniformly, across all of its operations throughout Lee County.

27.     The Defendant knew and knows that the deputies are required to perform work that is uncompensated.

28.     The Defendant knew or should have known that his management personnel permit or require Named Plaintiffs and potential opt-in plaintiffs to perform work which is for the benefit of the Defendant and which is integral to Defendant's operations, without appropriate compensation, including time spent completing tasks before and after scheduled shifts.

29.     Named Plaintiffs and potential opt-in plaintiffs bring this action against the Defendant because the Defendant has willfully engaged in a pattern and practice of unlawful conduct by declining to record and pay for all of the time it requires its employees to work in violation of the FLSA. The Defendant's unlawful conduct has been repeated and is consistent.

30.     The conduct of the Defendant, set forth above, has been willful, in bad faith, and has caused significant damages to Named Plaintiffs and potential opt-in plaintiffs.

31.     The Defendant also failed to act in good faith or reliance upon any of the following in formulating its pay practices: (a) the FLSA, (b) Department of Labor Wage & Hour Opinion Letters, (c) the Code of Federal Regulations, and (d) relevant case law.

9

32. Each of the Named Plaintiffs consents to sue in this action pursuant to 216(b) of the FLSA. Additional potential opt-in plaintiffs may execute and file forms consenting to "opt in" and joining as plaintiffs in this collective action.

33. Named Plaintiffs and potential opt-in plaintiffs bring a Claim for Relief for violation of the FLSA as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. 216(b), on behalf of all non-exempt hourly employees of the Defendant who were, are, or will be employed by the Defendant during the period of three years prior to the date of commencement of this action through the date of judgment of this action, and who have not been compensated either at their regular rate of pay for time worked off-the-clock, or at one and one-half times the regular rate of pay for all work performed in excess of eighty-six (86) hours per 14-day work period. Named Plaintiffs and potential opt-in plaintiffs are putative members of the collective action on whose behalf all claims alleging violations of the FLSA are brought.

34. A claim for relief for violations under the FLSA may be brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. 216(b) for all claims asserted by Named Plaintiffs because the claims of Named Plaintiffs are similar to the claims of the putative members of the Collective Action.

35. Potential opt-in members of the Collective Action are similarly situated. They have substantially similar job requirements and pay provisions, and are subject to a common practice, policy or plan that requires or permits them to perform uncompensated work for the benefit of the Defendant.

36. Named Plaintiffs, and all others similarly situated, were subject to a company-wide policy that purposefully, or alternatively, negligently deprived them of wages for at least the past three years for off-the-clock required work performed that benefited the Defendant.

37.     This practice of forcing non-exempt employees to work off-the-clock was a common practice throughout all of the Defendant's operations.

38.     Named Plaintiffs and potential opt-in plaintiffs perform or have performed work "off-the-clock" for the benefit of the Defendant. Neither Named Plaintiffs nor the potential opt-in plaintiffs have been credited or compensated for their respective -off-the-clock work performed for the benefit of the Defendant. Named Plaintiffs and potential opt-in plaintiffs have suffered damages, including lost wages and/or lost overtime compensation, resulting from the Defendant's wrongful conduct.

39.     Named Plaintiffs will fairly and adequately represent and protect the interests of the members of the collective action. Plaintiffs have retained counsel competent and experienced in FLSA and employment law litigation.

40.     The names and addresses of the putative Collective members are available from the Defendant. To the extent required by law, notice will be provided to the prospective collective action members via first class mail and/or by use of techniques in a form of notice that has been used customarily in Collective actions, subject to court approval.

41.     Named Plaintiffs bring this action on behalf of themselves and the following proposed Collective Action of all similarly-situated employees: Present and former employees of the Defendant who have held non-exempt positions at any time during all or any part of the period beginning three years before the filing of this complaint to the present, and who have not been fully compensated for all hours worked.

42.     The hourly employees of the Defendant have been subject to the unlawful practices alleged herein and, therefore, are similarly situated to the Named Plaintiffs and potential opt-in

plaintiffs of the Collective Action to work -off-the-clock" before and after their scheduled events for the benefit of the Defendant without appropriate compensation in violation of the FLSA.

43.     Per the FLSA, Named Plaintiffs and potential opt-in plaintiffs of the Collective Action seek all available damages including but not limited to lost wages, liquidated damages, attorneys' fees, punitive damages, costs, and all other relief requested.

44.     The claims of the Named Plaintiffs are similar to those of the potential opt-in plaintiffs, in that Named Plaintiffs have been subjected to the same conduct as the potential opt-in plaintiffs of the Collective Action, and Named Plaintiffs' claims are based on the same legal theory as that of the potential opt-in plaintiffs.

45.     While the exact number of potential opt-in plaintiffs is unknown to Named Plaintiffs at the present, based on information and belief, there are potentially 600-800 such members. Thus, a collective action is the most efficient mechanism for resolution of the claims.

46.     Named Plaintiffs' FLSA claims are maintainable as a Collective Action pursuant to Section 16(b) of the FLSA, 29 U.S.C. 216(b).

WHEREFORE, Named Plaintiffs, on behalf of themselves and all putative members of the proposed Collective Action, pray for relief as follows:

i.     Designation of this action as a collective action on behalf of the proposed FLSA collective plaintiffs asserting FLSA claims and prompt issuance of the notice pursuant to 29 U.S.C. 216(b) to all similarly situated members of the FLSA opt-in action, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. 216(b), and a tolling of the statute of limitations on the FLSA collective action plaintiffs' claims until the FLSA potential opt-in plaintiffs are provided with a

reasonable notice of the pendency of this action and a fair opportunity to exercise their right to opt-in as plaintiffs;

ii.   Designation of Named Plaintiffs **CALDERONE, SCHWING, ZALESKI** and **LEE** as representatives of the FLSA Collective Action;

iii.   A declaratory judgment that the practices complained of are unlawful under the FLSA 201 et. seq.;

iv.   An injunction against Defendant and all other persons acting in concert with him, from engaging in each of the unlawful acts, policies, practices, etc., set forth herein;

v.   An award of damages, including lost wages, liquidated and exemplary damages, and waiting time penalties and other statutory penalties;

vi.   That Named Plaintiffs and others similarly situated, be granted judgment against Defendant for all costs of this action, including expert fees and reasonable attorneys' fees, costs, disbursements, and interests;

vii.   Pre-judgment and post-judgment interest as provided by law;

viii.   For such other and further legal and equitable relief as this Court deems necessary, proper, and just.

## <u>COUNT II: INDIVIDUAL FLSA CLAIMS</u>

47.   The Named Plaintiffs hereby incorporate Paragraphs 1-20 in this Count as though fully set forth herein.

48.   The Named Plaintiffs were covered, non-exempt employees under the FLSA at all times during their employ with the Defendant.

49.   The Defendant was required by the FLSA to pay the Plaintiffs at least time and one-half for all hours worked the Named Plaintiffs in excess of 86 hours in a 14-day period.

50.     The Defendant had operational control over all aspects of the Named Plaintiffs' day-to-day functions during their employment, including compensation.

51.     The Defendant was, and is, the Named Plaintiffs' "employer" and is liable for violations of the FLSA in this case.

52.     The Defendant violated the FLSA by failing to pay the Named Plaintiffs at least time and one-half for all hours worked over 86 in a 14-day work period.

53.     The Defendant has willfully violated the FLSA in refusing to pay the Named Plaintiffs proper overtime for all hours worked by them over 86 in a 14-day work period.

54.     As a result of the foregoing, the Named Plaintiffs have suffered damages of lost wages.

55.     The Defendant is the proximate cause of the Named Plaintiffs' damages.

**WHEREFORE,** Plaintiffs pray that this Honorable Court enter a Judgment in their favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## COUNT III- UNJUST ENRICHMENT (Individual Plaintiffs)

56.     The Plaintiff incorporates Paragraphs 1-20 in this Count by reference.

57.     This Count is pled in the alternative.

58.     An implied-in-law contract existed between the Plaintiffs and the Defendant.

59.     The Plaintiffs did confer a benefit upon the Defendant, that being the benefit of their law enforcement services, which benefit the Defendant appreciated but did not pay full value for.

60.     The Plaintiffs fully and satisfactorily performed their law enforcement duties assigned to them by the Defendant in accordance with the Defendant's policies.

61.     The Defendant accepted and retained the benefit of the Plaintiffs' law enforcement services without paying the full value thereof.

62.     The Defendant has refused to pay the Plaintiffs at the accepted and standard law enforcement officers' rate of pay for all work performed by the Plaintiffs.

63.     Based upon the circumstances, it is inequitable for the Defendant to retain the benefit of the Plaintiffs' law enforcement services without paying them fair value for the same.

64.     The Defendant is required to pay the Plaintiffs fair value for their law enforcement services rendered.

65.     This Count is timely brought and all conditions precedent have occurred or been waived.

**WHEREFORE,** Plaintiffs pray that this Honorable Court enter a Judgment in their favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, Named Plaintiffs and potential opt-in plaintiffs demand a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: September 2, 2014

Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiffs
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com

15