UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEVIN CALDERONE, an individual, GEORGE SCHWING, an individual, MICHAEL ZALESKI, an individual, and SELENA LEE, an individual,

    Plaintiffs,

v.    Case No: 2:14-cv-519-FtM-29CM

MICHAEL SCOTT, as the duly elected Sheriff of Lee County, Florida,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of Defendant's Motion to Dismiss Counts V and VI of the Amended Collective & Class Action Complaint (Doc. #21) filed on January 20, 2015. Plaintiff filed a Response (Doc. #22) on January 30, 2015. With leave from the Court, Defendant and Plaintiffs filed a Reply (Doc. #30) and Surreply (Doc. #31) on February 6 and February 13, 2015 respectively. For the reasons set forth below, the motion is granted.

**I.**

Plaintiffs have filed an Amended Collective & Class Action Complaint (Doc. #11), on their own behalf and on behalf of other similarly situated individuals, against Defendant Michael Scott in his official capacity as Sheriff of Lee County, Florida.

Plaintiffs, former employees of the Lee County Sheriff's Office, allege that they performed "off-the-clock" work for which they were not compensated. According to Plaintiffs, Defendant's failure to compensate them for such work constitutes unjust enrichment and violates the Fair Labor Standards Act (FLSA) and the Florida Minimum Wage Act (FMWA). Defendant now moves to dismiss Plaintiffs' unjust enrichment causes of action (Counts V and VI) on the basis of Florida state law sovereign immunity. Plaintiffs respond that the State of Florida has waived sovereign immunity under the circumstances giving rise to their unjust enrichment claims.

**II.**

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." Va. Office for Prot. & Advocacy v. Stewart, 131 S. Ct. 1632, 1637 (2011). "In Florida, sovereign immunity is the rule, rather than the exception," Pan-Am Tobacco Corp. v. Dep't of Corr., 471 So. 2d 4, 5 (Fla. 1984) (citing Fla. Const. art. X, § 13). Thus, absent a waiver, Florida sovereign immunity bars suit against the state or one of its political subdivisions. Id.

Florida's legislature has explicitly waived sovereign immunity for liability in torts involving personal injury, wrongful death, and loss or injury of property. Fla. Stat. § 768.28. Additionally, the Florida Supreme Court has found an

2

implied waiver of sovereign immunity for breach of contract claims. <u>Pan-Am</u>, 471 So. 2d at 5-6.  That waiver applies to claims for breach of the express and implied conditions of a written contract, but does not apply to claims totally outside the terms of a written contract.  <u>County of Brevard v. Miorelli Eng'g</u>, 703 So. 2d 1049, 1051 (Fla. 1997) (absent a written change order, sovereign immunity barred breach of contract claim against city for extra work beyond that described in construction contract); <u>see also</u> <u>Champagne-Webber, Inc. v. Ft. Lauderdale</u>, 519 So. 2d 696, 698 (Fla. 4th DCA 1988) (sovereign immunity waived for claim that city violated implied covenant not to interfere with performance of written construction contract by misrepresenting soil conditions).

Here, Plaintiffs bring their unjust enrichment claims against Michael Scott in his official capacity as the Sheriff of Lee County, Florida.  A claim against a Florida county sheriff in his official capacity is considered a claim against the county he represents.  <u>Cook v. Sheriff of Monroe County</u>, 402 F.3d 1092, 1115 (11th Cir. 2005) ("When, as here, the defendant is the county sheriff, the suit is effectively an action against the governmental entity he represents—in this case, Monroe County."); <u>Abusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs</u>, 405 F.3d 1298, 1305 (11th Cir. 2005) ("Florida's constitution labels sheriffs county officers.") (quoting Fla. Const. art. VII, § 1(d)).  Under Florida law, counties are political subdivisions entitled to sovereign

3

immunity to the same extent as the state.  Fla. Stat. § 768.28(2). Thus, the Court must determine whether the state has waived sovereign immunity for the unjust enrichment claims at issue here.

"A claim for unjust enrichment is an equitable claim, based on a legal fiction created by courts to imply a 'contract' as a matter of law." Tooltrend, Inc. v. CMT Utensili, SRL, 198 F.3d 802, 805 (11th Cir. 1999).  Because unjust enrichment claims are not torts, Florida's legislature has not waived sovereign immunity pursuant to Fla. Stat. § 768.28.  Plaintiffs argue, however, that their unjust enrichment claims fall within the waiver of sovereign immunity articulated in Pan-Am and Miorelli because their oral employment contracts with the Sheriff's Office included the express (or implied) covenant that they would be compensated for all work performed at the Sheriff's direction.  Defendant responds that the terms of Plaintiffs' alleged oral employment contracts are immaterial because there can be no waiver of sovereign immunity absent a written contract.  The Court agrees with Defendant.

As explained above, Florida courts have held that sovereign immunity has been waived for claims that a state entity breached the express or implied covenants of a *written* contract.  However, as explicitly stated by the Florida Supreme Court in Pan-Am, a duly-authorized written contract is a prerequisite to finding that sovereign immunity has been waived.  471 So. 2d at 6 ("We would also emphasize that our holding here is applicable only to suits

4

on express, written contracts into which the state agency has statutory authority to enter."); see also Fin. Healthcare Assocs., Inc. v. Pub. Health Trust, 488 F. Supp. 2d 1231, 1236 (S.D. Fla. 2007) ("Clearly, the implied contract alleged in Count II is not an express written contract and therefore it fails to escape the sovereign immunity bar as articulated in Pan-Am.").

Here, Plaintiffs concede that they did not have written contracts with the Lee County Sheriff's Office. (Doc. #31, p. 1.) Thus, the waiver of sovereign immunity articulated by the Florida Supreme Court in Pan-Am and Miorelli is inapplicable and Defendant is entitled to sovereign immunity from Plaintiffs' claims for unjust enrichment.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Counts V and VI of the Amended Collective & Class Action Complaint (Doc. #21) is **GRANTED** and Counts V and VI of the Amended Collective & Class Action Complaint are **dismissed with prejudice**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___16th___ day of April, 2015.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record