UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEVIN CALDERONE, an individual, GEORGE SCHWING, an individual, MICHAEL ZALESKI, an individual, and SELENA LEE, an individual,

    Plaintiffs,

v.　　　　　　　　　　　　　　　Case No: 2:14-cv-519-FtM-29CM

MICHAEL SCOTT, as the duly elected Sheriff of Lee County, Florida,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on Plaintiffs' Motion to Conditionally Certify a Collective Action Pursuant to 29 U.S.C. §216(b) and Motion for Equitable Tolling of the Statute of Limitations and Motion for Declaration of a Class Action as to Minimum Wage Claims Pursuant to Rule 23(b)(3) (Doc. #43) filed on June 5, 2015. Defendant filed a Response (Doc. #47) on June 30, 2015 to which Plaintiff filed a Reply (Doc. #52) on July 13, 2015. For the reasons set forth below, the motion is granted in part and denied in part.

**I.**

Plaintiffs have filed an Amended Collective & Class Action Complaint (Doc. #11), on their own behalf and on behalf of other similarly situated individuals, against Defendant Michael Scott in

his official capacity as Sheriff of Lee County, Florida. Plaintiffs, former employees of the Lee County Sheriff's Office, allege that they performed off-the-clock work for which they were not compensated. According to Plaintiffs, Defendant's failure to compensate them for such work violates the Fair Labor Standards Act (FLSA) and the Florida Minimum Wage Act (FMWA). Concerning their FLSA claims, Plaintiffs seek conditional certification as a collective action pursuant to 29 U.S.C. § 216(b) and request that the Court facilitate notice to potential collective action plaintiffs. Plaintiffs also seek to toll the statute of limitations applicable to their FLSA claims. Concerning their FMWA claims, Plaintiffs seek certification as a collective action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**II.**

**A.   FLSA Conditional Certification**

An action to recover unpaid compensation under the FLSA may be maintained "against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). The purpose of such a collective action is "to avoid multiple lawsuits where

numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer." Prickett v. Dekalb County, 349 F.3d 1294, 1297 (11th Cir. 2003).

To demonstrate that plaintiffs are "similarly situated", an opt-in plaintiff "need show only that their positions are similar, not identical, to the positions held by the putative class members." Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1217 (11th Cir. 2001) (quotations and citations omitted). The Eleventh Circuit has adopted a two-tiered approach to certification, as described in Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995):

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. . . .

Hipp, 252 F.3d at 1218.

Before providing notice, a plaintiff must offer a "reasonable basis" for his assertion that there are other similarly situated employees who desire to opt-in. Morgan v. Family Dollar Stores, 551 F.3d 1233, 1260 (11th Cir. 2008); Dybach v. Fla. Dep't of Corr., 942 F.2d 1562, 1567 (11th Cir. 1991). At this stage, the Court applies a "fairly lenient standard", Anderson v. Cagle's Inc., 488 F.3d 945, 953 (11th Cir. 2007), although there must be more than counsel's unsupported assertions, Morgan, 551 F.3d at 1261. "Evidence of similarly situated employees who desire to opt in may be based on affidavits of other employees, consents to join the lawsuit filed by other employees, or expert evidence on the existence of other similarly situated employees," but "plaintiff's or counsel's belief in the existence of other employees who desire to opt in and unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify certification of a collective action and notice to a potential class." Hart v. JPMorgan Chase Bank, N.A., No. 12-CV-00470, 2012 WL 6196035, at *4 (M.D. Fla. Dec. 12, 2012) (internal citations and quotation marks omitted).

In support of their assertion that there are additional similarly situated individuals who wish to opt-in, Plaintiffs note that more than thirty additional plaintiffs have opted-in since the commencement of this case. Under the "fairly lenient standard" appropriate at this stage of the proceedings, the Court

is satisfied that Plaintiff has provided a reasonable basis for his assertion that there are additional similarly situated individuals who wish to opt-in. Accordingly, conditional certification is warranted and the Court will now address the definition of the putative class.

**B.   Definition of the Putative Class**

According to Plaintiffs, their uncompensated off-the-clock work occurred in various forms and as a result of various employment policies. As a result, Plaintiffs seek conditional certification for a class consisting of the following individuals:

1. All former or current Deputies who, up to three years[1] preceding this Action, were/are employed by the Defendant and who were/are required to don and doff protective equipment prior to reporting for their assigned shift or once their shift has concluded;

2. All former or current Deputies who, up to three years preceding this Action, were/are employed by the Defendant and who were/are issued Lee County Sheriff's Office vehicles to take home;

3. All former or current Deputies who, up to three years preceding this Action, were/are employed by the Defendant and who have been/are assigned to the Lee County Sheriff's Office's "Traffic Unit";

4. All former or current Deputies who, up to three years preceding this Action, were/are employed by the Defendant, who were employed on an hourly basis and who

---

[1] Willful FLSA violations are subject to a three-year statute of limitations. Kaplan v. Code Blue Billing & Coding, Inc., 504 F. App'x 831, 833 (11th Cir. 2013). This means that a putative class member may pursue a claim for an FLSA violation that occurred within the three years prior to the filing of his or her consent to join. Abdul-Rasheed v. KableLink Commc'ns, LLC, No. 13-CV-879, 2013 WL 5954785, at *3 (M.D. Fla. Nov. 7, 2013).

        were required to report to their sub-station for pre/post-shift meetings;

5. All former or current Deputies who, up to three years preceding this Action, were/are employed by the Defendant and who were/are at times required to be prepared for duty despite not being scheduled to work a scheduled shift, constituting "on-call" time;

6. All former or current Sergeants who, up to three years preceding this Action, were/are employed by the Defendant and have received pay on a salary basis; and

7. All former or current Deputies or Sergeants who, up to three years preceding this Action, were/are employed by the Defendant and who were/are entitled to "comp time" in lieu of receiving overtime pay on a time-and-a-half cash basis.

Defendant did not object to Plaintiffs' class definition and, with three exceptions, the Court is satisfied that Plaintiffs' proposed class definition adequately describes the individuals with FLSA claims similarly situated to Plaintiffs.

    The exceptions concern Plaintiffs' second, third, and sixth categories. As suggested by Plaintiffs, these categories cover Deputies who were issued vehicles to take home, Deputies assigned to the Traffic Unit, and all Sergeants. Unlike the other categories, these categories do not describe the nature of the uncompensated work performed by the putative class members. However, Plaintiffs do provide this information elsewhere. Concerning the Deputies issued vehicles to take home, Plaintiffs allege that Defendant failed to pay them for time spent performing law enforcement services while driving to and from their shifts. (Doc. $43, p. 8.) Concerning the Traffic Unit, Plaintiffs allege

that its members "are compensated as soon as they leave their driveway to report to their assigned location for daily traffic enforcement." (Id. at p. 9 n.1.)  Presumably, Plaintiffs mean to allege that members of the Traffic Unit were not compensated for all time worked prior to their arrival at their assigned enforcement location.  Concerning the Sergeants, Plaintiffs allege that Defendant failed to pay them overtime and misclassified them as overtime-exempt.  (Id. at p. 8.)  The descriptions of Plaintiffs' second, third, and sixth categories must be modified accordingly to more clearly specify the nature of the uncompensated work at issue.

With those modification, the Court grants conditional certification for the class of individuals who belong to one of the seven categories listed above and who did not receive minimum wage and/or overtime compensation as required by the FLSA.  In accordance with the above, Plaintiffs shall filed a proposed notice to be sent to members of the putative class within fourteen days of the date of this Opinion and Order.  Defendant shall file any objections to Plaintiffs' proposed notice fourteen days thereafter.

Plaintiffs also request an order directing Defendant to provide contact information for the members of the putative class.  The Court agrees with Plaintiffs that limited notice-related discovery is appropriate here.  To the extent Defendant is in

possession of such information, Defendant must provide Plaintiffs' counsel with a list of putative class members' names, addresses, and e-mail addresses within twenty-eight days. Because this data will contain personal identifying information of law enforcement officers, its dissemination must be limited. Defendant shall provide the information to Plaintiffs' counsel only, who must keep the information confidential. Plaintiffs' counsel may not use this information for any purpose other than to provide notice to putative class members in this case. Further, Plaintiffs' counsel may not share the information with Plaintiffs, include the information in a public filing, or provide it to any person other than members of his staff.

**C.  Tolling the Statute of Limitations**

As previously noted, willful FLSA violations are subject to a three-year statute of limitations, Kaplan, 504 F. App'x at 833, which means that a putative class member may pursue a claim for an FLSA violation that occurred within the three years prior to the filing of his or her consent to join, Abdul-Rasheed, 2013 WL 5954785, at *3. Plaintiffs seek equitable tolling of the statute of limitations period up to the date Plaintiffs receive notice-related discovery from Defendant. Plaintiffs argue that equitable tolling is warranted because Defendant employed "threatening, intimidating and coercive tactics" to discourage opt-ins. (Doc. #43, p. 24.)

"Equitable tolling is the doctrine under which plaintiffs may sue after the statutory time period has expired if they have been prevented from doing so due to inequitable circumstances." <u>Ellis v. GMAC</u>, 160 F.3d 703, 706 (11th Cir. 1998). The doctrine is "applied sparingly," <u>Steed v. Head</u>, 219 F.3d 1298, 1300 (11th Cir. 2000), and only if a party establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Downs v. McNeil</u>, 520 F.3d 1311, 1324 (11th Cir. 2008). In the context of FLSA class actions, motions for equitable tolling are routinely denied because putative class members always have the option of filing their own individual FLSA claim even if an extraordinary circumstance stood in the way of joining a pending collective action. <u>Palma v. MetroPCS Wireless, Inc.</u>, No. 13-CV-698, 2013 WL 6836535, at *2 (M.D. Fla. Dec. 26, 2013).

While Plaintiff has provided generalized allegations that Defendant acted to prevent opt-ins, there is no evidence that any Plaintiff (or potential opt-in) was actually prevented from filing an FLSA action, either as an opt-in or individually. Indeed, the sole factual support for Plaintiffs' allegations come in the form of affidavits provided by Plaintiffs who have *successfully* opted-in to this action. The Plaintiffs testify that they "have further received reports from potential opt-in and class members that the Defendant's administration has threatened them with termination,

unfavorable assignments and the removal of their cruiser should they join this action." (E.g., Doc. #43-1, ¶ 12.) Standing alone, these second-hand accounts are insufficient to carry Plaintiffs' burden of establishing that an extraordinary circumstance prevented potential opt-ins from joining this action. Therefore, Plaintiffs' motion for equitable tolling is denied.

### III.

Plaintiffs also seek to certify their FMWA claims as a class action pursuant to Rule 23(b)(3). Defendant argues that Plaintiffs' motion should be denied (1) because it is untimely under Local Rule 4.04 and (2) because Plaintiffs have failed to satisfy the requirements of Rule 23. The Court will address each argument in turn.

**A.  Local Rule 4.04**

Local Rule 4.04 provides that motions for class certification shall be filed within ninety days following the filing of the initial complaint, unless the time is extended by the Court for cause shown. M.D. Fl. R. 4.04(b). Here, Plaintiffs first alleged the existence of a potential class action in their Amended Complaint Collective & Class Action Complaint (Doc. #11), which was filed on December 29, 2014. Accordingly, the 90-day filing deadline established by Local Rule 4.04 expired on March 30, 2015. Plaintiffs did not seek to extend this deadline and their motion for class certification was not filed until two months later.

Although Plaintiffs should have moved for an extension of time as expressly provided by Local Rule 4.04, the Court sees no reason to bar their motion as a result of their failure to do so. In this case, the parties spent majority of the 90-day post-complaint period briefing Defendant's motion to dismiss, which was not decided by the Court until *after* the expiration of the class certification filing deadline.  As a result, strict adherence to Local Rule 4.04 would have required Plaintiffs to move for class certification without knowing for certain which causes of action remained viable.  Had Plaintiffs done so, the motion would have been denied as moot following the Court's April 16, 2015 Opinion and Order (Doc. #38) dismissing Counts V and VI of the Amended Complaint, and Plaintiffs would have been permitted to refile their class certification motion in light of the Court's ruling.  Thus, Plaintiffs' failure to follow Local Rule 4.04 did not create any undue delay.  See Lakeland Reg'l Med. Ctr., Inc. v. Astellas U.S. LLC, No. 10-CV-2008, 2012 WL 2402825, at *2 (M.D. Fla. June 26, 2012) (excusing failure to follow Local Rule 4.04 where doing so would have required the filing of a "perfunctory" Rule 23 motion).

Moreover, as set forth in the Amended Complaint, the employment policies allegedly giving rise to Plaintiffs' causes of action are ongoing.  Therefore, even if Plaintiffs were prohibited by Rule 4.04 from moving for class certification in this case, nothing would prevent the opt-in Plaintiffs here from filing a new

case asserting identical causes of action, thereby resetting Local Rule 4.04's 90-day certification deadline. Thus, strict adherence to Rule 4.04 here would cause additional delay and needless duplicative litigation. Accordingly, the Court will deem Plaintiffs' motion timely-filed.[2] However, as set forth below, the motion is denied on the merits.

**B.  Rule 23(b)**

Before certifying a class action, Rule 23(b)(3) requires a court to find, *inter alia*, that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  Here, the Court concludes that an FMWA class action is not superior to other available methods for adjudicating Plaintiffs' claims because overlapping FLSA and FMWA class actions are "mutually exclusive

---

[2] In their Reply (Doc. #52), Plaintiffs argue that their late filing should be excused because Defendant frustrated Plaintiffs' efforts to identify additional opt-in Plaintiffs.  In support, Plaintiffs point to affidavits submitted by the opt-ins stating they have "have received reports from potential opt-in and class members that the Defendant's administration has threatened them with termination, unfavorable assignments and the removal of their cruiser should they join this action." (E.g., Doc. #43-1, ¶ 12.)  Defendant moves to strike this portion of the affidavits, and the portions of the Reply relying upon them, as inadmissible hearsay. (Doc. #53.)  The Court did not rely upon Defendant's alleged conduct in deeming Plaintiffs' motion timely-filed.  Moreover, as set forth below, Plaintiffs' motion for class certification is denied on the merits.  Accordingly, Defendant's Motion to Strike (Doc. #53) will be denied as moot.

and irreconcilable." La Chapelle v. Owens-Illinois, Inc., 513 F. 2d 286, 289 (5th Cir. 1975).

As detailed above, the FLSA requires putative class members who wish to join the action to affirmatively opt-in. The opt-in requirement is designed to "eradicate the problem of totally uninvolved employees gaining recovery as a result of some third party's action in filing suit." Cameron-Grant v. Maxim Healthcare Services, Inc., 347 F.3d 1240, 1249 (11th Cir. 2003). To the contrary, Rule 23 class actions require putative class members who do not wish to join the class to affirmatively opt-out. Fed. R. Civ. P. 23(c). Where, as here, the putative FLSA and FMWA classes are identical, the opt-in and opt-out procedures cannot be reconciled.

To illustrate this point, consider a hypothetical Deputy who is a member of Plaintiffs' putative class but *does not* wish to have her minimum wage claims adjudicated in this case. Upon receiving notice of the FLSA action, she would do nothing because the FLSA provides that she is not bound by the outcome of this case unless she opts-in. However, upon receiving notice of the FMWA action, she would have to affirmatively opt-out. If she does not opt-out, she will become a member of the FMWA action by default and her minimum wage claims will be adjudicated in this case. The end result is that any putative class member who does not wish to be bound by the outcome in this case must affirmatively opt-out,

despite the fact that the FLSA requires precisely the opposite. La Chapelle clearly holds that such a result is impermissible. 513 F.2d at 288 ("Rule 23 cannot be invoked to circumvent the [FLSA's] consent requirement . . . .").

To be clear, The Eleventh Circuit has yet to squarely address the issue, and courts within this District have not uniformly followed La Chapelle. Compare Perez v. Avatar Properties, Inc., No. 07-CV-792, 2008 WL 4853642, at *3 (M.D. Fla. Nov. 6, 2008) ("There is no doubt that the opt-in/opt-out distinction represents a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by the FLSA.") (quoting Schmidt v. Fuller Brush Co., 527 F.2d 532, 536 (8th Cir. 1975), with Kubiak v. S.W. Cowboy, Inc., No. 12-CV-1306, 2014 WL 2625181, at *1 n.4 (M.D. Fla. June 12, 2014) ("Hybrid class action suits under Rule 23 (for state law minimum wages) and 29 U.S.C. § 216(b) may proceed without conflict.") (quoting Bennett v. Hayes Robertson Grp., Inc., 880 F. Supp. 2d 1270, 1276 (S.D. Fla. 2012)).

However, the Eleventh Circuit has not repudiated LaChapelle, which remains binding precedent on this Court.[3] To the contrary, the Eleventh Circuit has cited LaChapelle approvingly for the point that the FLSA and Rule 23 employ conflicting class action notice

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

procedures.  See, e.g., <u>Cameron-Grant v. Maxim Healthcare Servs.</u>, 347 F.3d 1240, 1248 (11th Cir. 2003); <u>Grayson v. K Mart Corp.</u>, 79 F.3d 1086, 1106 (11th Cir. 1996) (noting in *dicta* that <u>La Chapelle</u> "held that Rule 23 and § 216(b) actions are mutually exclusive and irreconcilable").  Accordingly, the Court will follow <u>La Chapelle</u> and hold that Plaintiffs' overlapping FLSA and FMWA class actions are mutually exclusive and irreconcilable.  On this basis, Plaintiffs' motion to certify their FMWA claims as a class action pursuant to Rule 23(b)(3) is denied.
Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.  Plaintiffs' motion seeking conditional certification pursuant to 29 U.S.C. § 216(b) is **GRANTED** for the modified class of individuals as more fully described herein.  In accordance with this Order, Plaintiffs shall file a proposed notice to putative class members on or before July 30, 2015.  Defendant shall file any objections to Plaintiffs' proposed notice on or before August 13, 2015.  Defendant shall provide Plaintiffs' counsel with a list of putative class members' names, addresses, and e-mail addresses on or before August 13, 2015.  Such information must be kept confidential as set forth herein.

2.  Plaintiffs' motion seeking equitable tolling of the statute of limitations is **DENIED.**

3. Plaintiffs' motion seeking Rule 23 class certification for their FMWA causes of action is **DENIED.**

4. Defendant's Motion to Strike Hearsay Statements in Plaintiffs' Reply and Plaintiffs' Affidavits (Doc. #53) is **DENIED as MOOT**.

**DONE and ORDERED** at Fort Myers, Florida, this __16th__ day of June, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record