UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEVIN CALDERONE, GEORGE
SCHWING, MICHAEL ZALESKI and
SELENA LEE, an individual

      Plaintiffs,

v.                                      Case No: 2:14-cv-519-FtM-29CM

MICHAEL SCOTT,

      Defendant.

## ORDER

Before the Court is Plaintiffs' Emergency Motion for Protective Order and for Sanctions and Incorporated Memorandum of Law (Doc. 55), filed on July 28, 2015. Defendant filed a memorandum in opposition. Doc. 59. For the reasons set forth below, Plaintiffs' motion is denied.

Plaintiffs allege that "Defendant unilaterally made direct and preemptive contact with each and every currently employed opt-in/putative Plaintiff in an attempt to intimidate, coerce and mislead them into not joining this action *prior* to their receipt of Court-authorized notice." Doc. 55 at 1. Plaintiffs argue that Defendant abused his position as the Lee County Sherriff by sending an email to all of his deputies in an attempt to dissuade them from joining this action. *Id.* at 2-3. Therefore, Plaintiffs request that the Court enter a protective order prohibiting Defendant from directly contacting or intimidating putative Plaintiffs and for sanctions for doing the same. *Id.*

Defendant responds that it was not until Plaintiffs' counsel made numerous representations to the media regarding the merits of the case that Defendant decided to respond and issue a press release. Doc. 59 at 4-5. The press release was distributed to "all local media outlets, members of other law enforcement agencies, watch commanders, and all 'users' of the Sherriff's Office's internal 'listserv,' which includes all current employees of the Sherriff's Office." *Id.* at 5. The press release stated in part:

> Many law enforcement agencies including ours subscribe to 'take home vehicles' and the pros and cons to this policy are too lengthy to expound on here. In short, the lawsuit deals with official activity a Deputy may engage in during the commute to or from their shift. For example a Deputy leaves his or her residence in Cape Coral on the way to Bonita and rolls up on an incident in essence, starting their work early. It is up to that Deputy to notify their supervisor and reflect same on their time sheet. They would then be compensated accordingly.
> ….
> The LCSO vehicle policy and associated funding will no doubt come under closer review by our Board of County Commissioners and our Insurance Carriers relative to the final resolve in this matter beyond the Court's ruling which as I mentioned earlier, I anticipate will be favorable to my policy.

Doc. 59-1 at 2-3. The press release further discussed the Sherriff's Office's compensation practices and policies. *Id.* Defendant also asserts that neither the press release nor the content therein were in derogation of any order or prohibition of the Court. Doc. 59 at 5. To date the Court has not approved a notice to the putative class members limiting the parties' communications with the prospective opt-in Plaintiffs.

Typically an employer is not precluded from communicating with prospective opt-in Plaintiffs, particularly at the pre-certification stage. *Longcrier v. HL-A Co., Inc.*, 595 F.Supp.2d 1218, 1225-26 (S.D. Ala. 2008). "[T]here is no mandatory, across-the-board prohibition against employer contact with prospective class members in an FLSA collective action at the pre-certification stage." *Id.* at 1226. Although Courts have broad discretion to limit communications between parties and putative class members, that discretion should be used sparingly due to First Amendment considerations. *Id.*

When a movant requests that the Court enter a protective order limiting communication, that party must show, "(1) that a particular form of communication has occurred or is threatened to occur, and (2) that the particular form of communication at issue is abusive and threatens the proper functioning of the litigation." *Ojeda-Sanchez v. Bland Farms*, 600 F. Supp. 2d 1373, 1378 (S.D. Ga. 2009) (citing *Cox Nuclear Med. v. Gold Cup Coffee Servs., Inc.*, 214 F.R.D. 696, 697-98 (S.D. Ala. 2003)). The record must reflect clear and specific evidence that the communication was abusive and threatened the litigation. *Id.* at 1379.

Here, the circumstances do not warrant a protective order. The parties concede that a particular form of communication occurred. Doc. 59 at 8. Therefore, the next question is whether that communication was abusive or threatened the proper functioning of this litigation. *Ojeda-Sanchez*, 600 F. Supp. 2d at 1378. The Court finds that it does not.

In *Longcrier*, the court entered a protective order when the defendants told the employee that they were being interviewed for a "survey" when instead the defendant was gathering data to use against all of its hourly workers in the litigation. 595 F. Supp. 2d at 1227-30. The employees were called in individually for a meeting with the defendant's attorneys which created and "inherently coercive and intimidating environment." *Id.* at 1227-29. The court held, "[s]uch manipulation of unrepresented parties to secure Declarations that HL-A now uses for the purpose of preventing the very people it misled from being able to litigate their FLSA rights herein is improper." *Id.* at 1229. Accordingly, the court entered sanctions against the Defendants as well as a protective order limiting the defendant's communications. *Id.* at 1229-30.

The circumstances in this case are nowhere near as egregious as in *Longcrier*. Here, Defendant sent the press release to the media as well as to all "users" of the Sherriff's Office's internal "listserv." Doc. 59 at 5. The press release simply discussed the general allegations presented in the litigation along with the Sherriff's Office's compensation practices and policies. Doc. 59-1 at 2-3. Plaintiffs' argument that Defendant threatened the potential opt-ins by stating that the vehicle policy will come under review is unpersuasive. Doc. 55 at 9. The Court finds nothing objectionable about the Defendant stating that a certain policy may be reviewed depending upon the outcome of this litigation. Furthermore, the Court finds nothing in the remainder of the press release to suggest that Defendant was attempting to coerce, threaten, or mislead any of the potential opt-in Plaintiffs. To the extent any

of the statements made by Defendant were misleading, the Court-approved notice to the putative class members will cure any alleged misstatements. *Bennett v. Advanced Cable Contractors, Inc.*, 2012 WL 1600443 at *11 (N.D. Ga. 2012).

The Court finds that Defendant has not done anything improper, and a protective order in not warranted in this instance. Because Defendant has not done engaged in any improper behavior, the Court also will deny Plaintiffs' request for sanctions against Defendant.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Emergency Motion for Protective Order and for Sanctions and Incorporated Memorandum of Law (Doc. 55) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 19th day of August, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record