UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEVIN CALDERONE, an individual, GEORGE SCHWING, an individual, MICHAEL ZALESKI, an individual, and SELENA LEE, an individual,

    Plaintiffs,

v().  Case No: 2:14-cv-519-FtM-29CM

MICHAEL SCOTT, as the duly elected Sheriff of Lee County, Florida,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on Plaintiffs' Proposed FLSA Opt-In Notice (Doc. #57-1) filed on July 30, 2015. Defendant filed an Objection (Doc. #61) on August 13, 2015, to which Plaintiffs filed a Response (Doc. #66) on August 23, 2015.

**I.**

In its July 16, 2015 Opinion and Order (Doc. #29), the Court granted conditional certification for a putative class consisting of former or current deputy sheriffs who, in the past three years, allegedly performed off-the-clock work for which they were not compensated in violation of the Fair Labor Standards Act (FLSA). (Id. at pp. 5-7.) The Court directed Plaintiffs to provide a proposed Notice to putative class members in accordance with that Opinion and Order. (Id.) Plaintiffs provided their proposal on

July 30, 2015. (Doc. #57-1.) Defendant responded with his competing proposal and, in response, Plaintiffs provided a revised proposal that adopted many of Defendant's edits. (Docs. #61, 66). Nevertheless, certain points of contention remain. Attached hereto as Exhibits A and B are the Court's Notice and Consent to Join, which reflect the parties' agreement and the Court's resolution of the remaining open issues discussed below. In accordance with this Opinion and Order and the Court's July 16, 2015 Opinion and Order (Doc. #29), Plaintiffs' counsel is permitted to provide notice to putative class members.

**A.   The Definition Of The Class**

In its July 16, 2015 Opinion and Order (Doc. #29), the Court largely adopted Plaintiffs' definition of the putative class, subject to minor revisions. (Id. at pp. 5-7.) The parties disagree as to how the Court's requested revisions should be implemented. Accordingly, the Court has adopted the following definition of the putative class, which utilizes suggested language from both parties:  All former or current deputy sheriffs who, in the three years preceding this case:

1. Were/are required to don and doff protective equipment prior to reporting for their assigned shift or once their shift has concluded;

2. Were/are issued Lee County Sheriff's Office vehicles to take home and performed law enforcement services while driving to/from their shifts;

3. Have been/are assigned to the Lee County Sheriff's Office's "Traffic Unit" and were not compensated for all time worked prior to their arrival at their assigned enforcement location;

4. Were/are employed on an hourly basis and who were required to report to their sub-station for pre/post-shift meetings;

5. Were/are at times required to be prepared for duty despite not being scheduled to work a scheduled shift, constituting "on-call" time;

6. Were/are Sergeants who have not received overtime pay because they received pay on a salary basis; or

7. Were/are entitled to "comp time" in lieu of receiving overtime pay on a time-and-a-half cash basis.

**B. The Notice's Neutrality**

Defendant identified certain language in Plaintiffs' proposals which he argues operates as tacit encouragement to join this collective action. (Doc. #61, p. 7.) While many of these issued have been resolved by Plaintiffs' revised proposal, the parties continue to disagree about whether the Consent to Join should specify that it must only be returned to Plaintiffs' counsel if a potential class member wishes to join the collective action. While the Court agrees with Plaintiffs that this should be self-evident given the language of the Notice, the Court disagrees with Plaintiffs' contention that the inclusion of such language would confuse potential class members. Accordingly, the Consent to Join shall specify that it must be returned to Plaintiffs' counsel only if an individual seeks to join the collective action.

**C.   Plaintiffs' Potential Liability for Costs And Fees**

If Defendant prevails in this action, he would be entitled to recover his taxable costs from Plaintiffs.  Additionally, should the Court conclude that this case was brought in bad faith, Defendant also would be entitled to recover his attorneys' fees. <u>Abdul-Rasheed v. KableLink Commc'ns, LLC</u>, No. 13-CV-879, 2013 WL 6182321, at *5 (M.D. Fla. Nov. 25, 2013).  Defendant argues that the Notice should warn potential class members of this possibility.  Plaintiffs oppose such a warning.  Given the chilling effect such a warning would have on a potential class member's decision to opt-in, the Court will decline to include such language in the Notice.  <u>Id.</u> at *6 ("With respect to the [plaintiffs'] potential liability for costs, the Court concludes that a warning would undermine the FLSA's goal of encouraging full enforcement of statutory rights because the warning might dissuade people from joining the lawsuit.").  Of course, the Court's decision not to include such language does not absolve Plaintiffs' counsel of his typical attorney-client duty to adequately inform opt-in Plaintiffs of the risks and responsibilities associated with joining this collective action.

**D.   Defendant's Denial of Plaintiffs' Allegations**

Defendant argues that Plaintiffs' proposed Notice gives short shrift to his denial of Plaintiffs' allegations.  In essence, Defendant requests a point-by-point denial, while Plaintiffs submit that a more simple statement, such as "Sheriff Scott denies

all claims in this lawsuit" is sufficient. The Court concludes that Plaintiffs' proposed language, along with the standard disclaimer that "the Court has not taken a position regarding the merits of the lawsuit," is sufficient to notify potential class members of Defendant's position.

**E.     The Opt-In Deadline**

The parties disagree about the amount of time to be allotted for putative class members to opt-in. Given the size and scope of the putative class, the Court finds that a three month opt-in period is appropriate. See Schumann v. Collier Anesthesia, P.A., No. 12-CV-347, 2013 WL 645980, at *4 (M.D. Fla. Feb. 21, 2013). As set forth below, Plaintiffs' counsel must provide notice of this lawsuit by September 30, 2015. Accordingly, putative class members shall have until December 31, 2015 to complete and return Consents to Join to Plaintiffs' counsel.

Accordingly, it is hereby

**ORDERED:**

1.     Counsel for Plaintiffs is authorized to provide notice of this lawsuit to putative class members on or before September 30, 2015. The "Notice of Pendency of FLSA Lawsuit" and the associated "Consent to Join" shall be substantially in the same form as those attached as Exhibits A and B to this Opinion and Order. The Notice and Consent to Join shall be mailed via first class U.S. Mail, at the sole cost and expense of Plaintiffs, to all putative class members. Upon mailing the Notice and Consent

to Join, Plaintiffs' counsel shall promptly file a notice of compliance.

2.   Putative class members shall have until December 31, 2015 to complete and return Consents to Join to Plaintiffs' counsel.  Each Consent to Join returned to Plaintiffs' counsel shall be deemed timely if post-marked, or delivered to a commercial carrier who provides a receipt, by December 31, 2015.

3.   Individuals who timely opt into this collective action pursuant to this Court's supervised notice procedure shall be deemed joined as opt-in plaintiffs for all purposes under the Federal Rules of Civil Procedure and under the orders of this Court through trial and appeal, if any, subject to any motion for decertification or representative discovery, and may be represented at any settlement, mediation or trial by the named Plaintiffs at the time, pending further orders of the Court.

**DONE and ORDERED** at Fort Myers, Florida, this ___15th___ day of September, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record