```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

KEVIN CALDERONE, an individual, GEORGE SCHWING, an individual, MICHAEL ZALESKI, an individual, and SELENA LEE, an individual,

       Plaintiffs,

v.                                       Case No: 2:14-cv-519-FtM-29CM

MICHAEL SCOTT, as the duly elected Sheriff of Lee County, Florida,

       Defendant.

## OPINION AND ORDER

This matter comes before the Court on Plaintiffs' Motion to Stay and Incorporated Memorandum of Law (Doc. #86) filed on February 29, 2016. Defendant filed a Response in Opposition (Doc. #87) on March 14, 2016. For the reasons set forth below, Plaintiffs' Motion is denied.

**I.**

Plaintiffs, former employees of the Lee County Sheriff's Office, filed an Amended Collective & Class Action Complaint (Doc. #11), on their own behalf and on behalf of others similarly-situated, against Michael Scott (Defendant) in his official capacity as Sheriff of Lee County, Florida. Plaintiffs contend they were not compensated for the off-the-clock work they were required to perform while employed, in violation of the Fair Labor

Standards Act (FLSA) and the Florida Minimum Wage Act (FMWA). They also claim they did not receive proper FLSA overtime pay.

On June 5, 2015, Plaintiffs filed a Motion to Certify Class (Doc. #43) seeking to conditionally certify the case as an FLSA collective action under 29 U.S.C. § 216(b), to equitably toll the statute of limitations, and to declare a Rule 23(b)(3) class action on the FMWA claims. On July 16, 2015, the Court issued an Opinion and Order (Doc. #54) granting Plaintiffs' request to conditionally certify a collective action on the FLSA claims but denying the requests for equitable tolling and declaration of an FMWA class action. As to the latter denial, the Court concluded that because La Chapelle v. Owens-Illinois, Inc. held that FLSA "opt-in" actions and Rule 23 "opt-out" actions are "mutually exclusive and irreconcilable," 513 F.2d 286, 289 (5th Cir. 1975), an FMWA class action may not proceed simultaneously with an FLSA collective action. (Doc. #54, p. 12.) The Court acknowledged, however, that "[t]he Eleventh Circuit has yet to squarely address the issue, and courts within this District have not uniformly followed La Chapelle". (Id. pp. 14-15.)

Plaintiffs filed a Petition for Permission to Appeal (Petition) (Doc. #69-1) the denial of certification of the FMWA class action under Federal Rule of Civil Procedure 23(f). On September 21, 2015, the Eleventh Circuit granted the Petition.

(Doc. #69.)  Oral argument is scheduled for the week of June 6, 2016.  (Doc. #88-1.)

Plaintiffs proceeded with the FLSA certification process, and sixty-four additional plaintiffs have opted in.  (Doc. #87, ¶ 7.) Discovery has been limited to Defendant's Requests for Admissions and Interrogatories and Plaintiffs' responses thereto.  (Doc. #86, p. 2.)  The discovery cut-off date is November 1, 2016, and trial is set for the March 2017 term.  (Doc. #41.)

Plaintiffs now move to stay all proceedings in this case pending the outcome of their appeal, arguing a stay will: (i) "allow the Eleventh Circuit to decide a case of first impression"; (ii) "protect the putative Rule 23 class";[1] (iii) "conserve judicial resources" and those of the parties; and (iv) "allow the Eleventh Circuit to determine the form and scope of the class and any thus future class notice."  (Doc. #86, p. 6.)  Defendant objects to a stay of these proceedings, arguing that Plaintiffs have not adequately demonstrated a stay is warranted.  (Doc. #87, p. 5.)  He also claims that granting a stay at this late juncture would be unfair, since he "has been actively litigating the case in compliance with the deadlines."  (Id. p. 8.)

---

[1] This argument is based on Plaintiffs' incorrect belief that the statute of limitations for the putative class members' claims is currently tolled.

- 3 -

**II.**

It has long been observed that:

> the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) (citations omitted).  In determining whether a stay pending interlocutory appeal is appropriate, this Court asks whether the movant has carried its burden of clearly establishing the following:

> (i) that the movant is likely to prevail on the merits of its appeal, (ii) that the movant will suffer irreparable injury if a stay . . . is not granted, (iii) that other parties will suffer no substantial harm if a stay . . . is granted, and (iv) in circumstances where the public interest is implicated, that the issuance of a stay . . . will serve, rather than disserve, such public interest.[2]

In re Basil St. Partners, LLC, No. 2:12-MC-6-FTM-29, 2012 WL 749415, at *1 (M.D. Fla. Mar. 7, 2012) (citation omitted).  The Supreme Court has cautioned that, because "the traditional stay factors contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules."  Hilton v.

---

[2] Although the Eleventh Circuit has not articulated the proper standard for resolving a motion to stay pending appeal of a Rule 23(f) certification decision, it has applied a similar four-factor test to determine whether a stay is appropriate in other contexts. Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986).

Braunskill, 481 U.S. 770, 777 (1987). The weight afforded each factor thus depends on the facts and circumstances of the case.

**III.**

**A. Likelihood of Plaintiffs' Success on the Merits**

Not surprisingly, the parties disagree on Plaintiffs' likelihood of success on appeal. Because the Eleventh Circuit typically "use[s] restraint in accepting Rule 23(f) petitions," Prado-Steiman ex rel. Prado v. Bush, 221 F.3d 1266, 1277 (11th Cir. 2000), the grant of Plaintiffs' Rule 23(f) Petition suggests that the Circuit Court believes the appeal will resolve an important, "unsettled legal issue." Id. at 1275.

In the last ten years, at least five circuit courts of appeals have rejected the contention that FLSA collective actions and Rule 23 class actions are inherently incompatible.[3] This Court thus agrees with Plaintiffs that the Eleventh Circuit may very well "follow its sister circuits in permitting state law wage claims to proceed under Rule 23, together with FLSA claims under the opt-in procedure of the FLSA." (Doc. #86, p. 2.) Accordingly, Plaintiffs have established they are likely to succeed with their

---

[3] "The concept of inherent incompatibility has not fared well at the appellate level." Knepper v. Rite Aid Corp., 675 F.3d 249, 258 (3d Cir. 2012) (citing Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 247–49 (2d Cir. 2011); Ervin v. OS Rest. Servs., Inc., 632 F.3d 971, 976–79 (7th Cir. 2011); Wang v. Chinese Daily News, Inc., 623 F.3d 743, 760 (9th Cir. 2010), vacated on other grounds, 132 S. Ct. 74 (2011); Lindsay v. Gov't Emps. Ins. Co., 448 F.3d 416, 424 (D.C. Cir. 2006)).

appeal - although they may need to wait until the Eleventh Circuit sits *en banc* for a decision.[4]

**B.  Plaintiffs' Allegations of Irreparable Harm Absent a Stay**

Even though Plaintiffs have established a likelihood of success on appeal, the Court finds a stay inappropriate at this juncture.  Plaintiffs have not carried their burden of demonstrating they will incur any significant - let alone irreparable - harm if this case proceeds while the appeal is pending.  Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd., 262 F.3d 134, 140 (2d Cir. 2001) (holding that stay pending appeal of a Rule 23(f) certification decision is unwarranted "unless the likelihood of error on the part of the district court tips the balance of hardships in favor of the party seeking the stay").

Plaintiffs' first argument is that, absent a stay, they may suffer administrative and financial burdens, since a favorable opinion on appeal would supposedly result in the dissemination of new notice, *potentially* require different discovery, and raise new claims administration issues.  Each of these allegations of harm is premised on the premature conclusion that Plaintiffs will be able to proceed with a FMWA class action.  However, the appeal will likely resolve only whether Plaintiffs' FMWA class action *may*

---

[4] To the extent the Eleventh Circuit needs to overrule La Chapelle to hold that both an FMWA class action and an FLSA collective action can be certified in the same case, such opinion must be rendered "by the court sitting *en banc*." Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981).

be certified alongside the FLSA collective action, not whether it *will* be.[5] Accordingly, the harms Plaintiffs advance are only hypothetical and thus insufficient to establish a likelihood of irreparable injury. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.").

Even assuming Plaintiffs ultimately succeed in having their FMWA class action certified, the Court fails to see what harm Plaintiffs will suffer merely because they may have to provide "new notice" in the future. Nor is it clear how that "harm" can be avoided by granting a stay of these proceedings, since Plaintiffs have *already provided* notice to the potential FLSA class members.

Plaintiffs' argument that a stay is warranted because a class-action certification may enlarge the parameters and cost of discovery is similarly unavailing. "'Mere injuries, however substantial, in terms o[f] money, time and energy necessarily expended in the absence of a stay, are not enough'" to establish

---

[5] Defendant's Response opposing certification (Doc. #47) raised several arguments as to why Rule 23 certification is not warranted, none of which this Court has yet addressed.

"any injury at all, much less irreparable injury."[6] Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1112 n.20 (11th Cir. 2004) (quoting Sampson v. Murray, 415 U.S. 61, 90 (1974)).  Rule 23(f) in fact presumes that "discovery (at the very least, merits discovery) will continue notwithstanding the pendency of an appeal of the class certification order."  Prado-Steiman, 221 F.3d at 1273 n.8.  That presumption is rightly heeded here, since Plaintiffs have other "live" claims upon which individualized merits discovery is presumably needed,[7] including the same one – FMWA violations – underlying the class action.  Merits discovery on those claims should yield most, if not all, of the substantive information needed for the FMWA class action claim.  A stay of discovery is thus unwarranted.  See Beattie v. CenturyTel, Inc., No. 02-10277-BC, 2006 WL 1722207, at *8 (E.D. Mich. June 20, 2006).

Plaintiffs also contend that a stay is needed to avoid harm to the putative class plaintiffs, who may find their claims time-

---

[6] Plaintiffs cite to In re Lorazepam & Clorazepate Antitrust Litig., 208 F.R.D. 1 (D.D.C. 2002), in support of their argument that discovery burdens justify a stay pending appeal of a class certification decision.  This argument is unavailing since, in that case, reversal by the Circuit Court would have *ended the entire case* and thus rendered useless any discovery the parties had obtained.  208 F.R.D. at 5.

[7] Individualized discovery of all opt-in plaintiffs in a collective FLSA action is often deemed appropriate and not unduly burdensome.  Schumann v. Collier Anesthesia, P.A., No. 2:12-CV-347-FTM-29CM, 2014 WL 1285910, at *3 (M.D. Fla. Mar. 28, 2014); Coldiron v. Pizza Hut, Inc., No. CV03-05865TJHMCX, 2004 WL 2601180, at *2 (C.D. Cal. Oct. 25, 2004) (permitting individualized discovery of 306 opt-in plaintiffs).

barred if this Court adjudicates and dismisses Plaintiffs' claims before a favorable decision on the appeal is rendered. Not only do Plaintiffs lack standing to rest their own right to relief on this hypothetical allegation of harm to putative class members, <u>In re Checking Account Overdraft Litig.</u>, 780 F.3d 1031 (11th Cir. 2015),[8] the argument is illogical. If this Court dismisses Plaintiffs' lawsuit, including the individual FMWA claims, prior to the Circuit Court's decision – itself a doubtful proposition, given the absence of discovery and pending dispositive motions – the statute of limitations will not be the putative class's problem, the non-viability of their claims will be. Moreover, as Defendant correctly points out, the statute of limitations has been running on those claims since this Court's July 16, 2015 Order denying Plaintiffs' request to declare a class action. <u>Armstrong v. Martin Marietta Corp.</u>, 138 F.3d 1374, 1391 (11th Cir. 1998).

In sum, although the Court believes Plaintiffs are likely to succeed with the merits of the interlocutory appeal, their hypothetical claims of irreparable injury are not well-taken and

---

[8] Admittedly, whether the putative plaintiffs' FMWA claims are time-barred is likely relevant to the viability of Plaintiffs' class action. Relevance, however, does equal a "stake" in the resolution of the issue sufficient to confer standing. Indeed, the Eleventh Circuit recently rejected a pre-certification attempt by the named plaintiffs to adjudicate – for their own benefit – the rights of future plaintiffs. <u>Checking Account</u>, 780 F.3d at 1038.

preclude a stay in this case.[9]  Sumitomo, 262 F.3d at 140.  Rule 23(f) is not meant to be used "as a vehicle to delay proceedings in the district court."  Id.  Yet that seems to be precisely what Plaintiffs are attempting to do here.  This case has been pending since September 4, 2014, yet almost no discovery has taken place.  Plaintiffs have presented no persuasive reason for this Court to sanction further delay.

Accordingly, it is hereby

**ORDERED:**

Plaintiffs' Motion to Stay (Doc. #86) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this 5th day of May, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

---

[9] The Court notes that this wage case does not implicate the public interest beyond the general interest in a speedy and cost-effective resolution of legal disputes.  Accordingly, the fourth stay factor does not weigh in favor of or against granting a stay.  Compare Rosen v. J.M. Auto Inc., No. 07-61234-CIV, 2009 WL 7113827, at *2 (S.D. Fla. May 20, 2009) (refusing to stay issuance of class notice pending appeal of certification where "the safety issues raised by th[e] case," which involved an alleged airbag defect, "ma[d]e granting a stay of the class notice against the public interest").