UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEVIN CALDERONE, GEORGE
SCHWING, MICHAEL ZALESKI and
SELENA LEE, an individual

      Plaintiffs,

v.                         Case No:2:14-cv-519-FtM-PAM-CM

MICHAEL SCOTT,

      Defendant.

## ORDER

This matter comes before the Court upon review of Plaintiffs' Motion to Compel (Doc. 117) filed on November 18, 2016. Defendant opposes the requested relief. Doc. 120.

### I.    Background

On September 4, 2014, Plaintiffs Kevin Calderone, George Schwing, Michael Zalenski, and Selena Lee ("Plaintiffs") filed a Complaint against Defendant Michael Scott ("Defendant"). Doc. 1. On December 29, 2014, Plaintiffs filed an Amended Collective & Class Action Complaint ("Amended Complaint") on behalf of themselves and other similarly situated employees against Defendant in his official capacity under the Fair Labor Standards Act ("FLSA") and the Florida Minimum Wage Act ("FMWA").[1] Doc. 11. Plaintiffs are former employees of the Lee County Sheriff's

---

[1] Plaintiffs also alleged Counts V and VI of Unjust Enrichment against Defendant. Doc. 11 at 24-26. On April 16, 2015, Senior United States District Judge John E. Steele granted Defendant's motion to dismiss Counts V and VI and dismissed Counts V and VI of

Office, and Defendant is Sheriff of Lee County, Florida. *Id.* at 2-3 ¶¶ 2-6. Plaintiffs allege that Defendant required or permitted his employees to work "off-the-clock" for which the employees were not compensated. *Id.* at 2-3 ¶¶ 20-21.

On May 28, 2015, Senior United States District Judge John E. Steele entered a Case Management and Scheduling Order ("CMSO") setting the deadline for disclosure of expert reports to September 14, 2016 for Plaintiffs and to October 14, 2016 for Defendant, the discovery deadline to November 1, 2016, the deadline for dispositive motions to December 1, 2016, and a trial term of March 6, 2017. Doc. 41. Subsequently, on July 16, 2015, Judge Steele granted Plaintiffs' motion for conditional certification pursuant to 29 U.S.C. § 216(b). Doc. 54 at 4-5. Plaintiffs' putative class consists of former or current deputy sheriffs who, in the past three years, allegedly performed off-the-clock work for which they were not compensated in violation of the FLSA. Doc. 68 at 1. As of this date, sixty-four plaintiffs have opted in. Doc. 89 at 3.

On August 1, 2016, Defendant served written interrogatories to each of the sixty-four (64) opt-in plaintiffs, but Plaintiffs resisted responding to the interrogatories by filing a motion for a protective order (Doc. 92) on August 30, 2016. Doc. 118 at 1. On September 16, 2016, the Court held a hearing and denied Plaintiffs' motion for a protective order. Doc. 98. The Court directed the named and opt-in plaintiffs to respond to Defendant's interrogatories on or before October 7, 2016. *Id.* at 3. The Court also entered the amended CMSO, extending the

---

the Amended Complaint. Doc. 38 at 5.

discovery deadline to November 15, 2016 and the deadline for dispositive motions to December 8, 2016. *Id.*; Doc. 99. Since then, this case has been assigned to United States District Judge Paul A. Magnuson and has a trial date to commence on March 1, 2017. Doc. 106.

## II. Order to Show Cause (Doc. 113)

On November 9, 2016, Defendant filed a motion seeking an extension of the deadlines for the opt-in plaintiffs to respond to Defendant's interrogatories, for Defendant to respond to Plaintiffs' motion for partial summary judgment, and for dispositive motions. Doc. 112. Defendant stated that despite the Court's Order (Doc. 98) directing the opt-in plaintiffs to respond to the interrogatories by October 7, 2016, only eighteen (18) of the sixty-four (64) opt-in plaintiffs had responded to Defendant's interrogatories on or before November 7, 2016. *Id.* at 6-7.

On November 14, 2016, the Court ordered Plaintiffs and Plaintiffs' counsel to show cause for their failure to comply with the Court's Order (Doc. 98). Doc. 113 at 4. The Court found that the opt-in plaintiffs' incomplete responses to Defendant's interrogatories were a clear violation of the Court's Order (Doc. 98). *Id.* at 3. The Court also directed all of the remaining opt-in plaintiffs to serve complete responses to Defendant on or before November 28, 2016. *Id.* at 4. Because of the opt-in plaintiffs' non-compliance with the Order (Doc. 98), the Court extended the parties' deadline for dispositive motions to January 6, 2017. *Id.*

On November 21, 2016, Plaintiffs responded to the Order to Show. Doc. 118. Plaintiffs allege that their counsel has been working nearly seven days a week to

serve complete discovery responses, but experienced some difficulties because some opt-in plaintiffs changed their contact information and one opt-in plaintiff recently became deceased. *Id.* at 1-2.

On December 1, 2016, Plaintiffs filed Opt-in Plaintiffs' Notice of Compliance Re: Doc. 113. Doc. 119. The Notice states that fifty-three (53) opt-in plaintiffs provided responses on or before November 28, 2016 pursuant to the Order (Doc. 113). *Id.* at 1-2. The Notice, however, also shows that eleven (11) opt-in plaintiffs still have not responded to Defendant's interrogatories. *Id.* at 2-3. Except for three opt-in plaintiffs,[2] eight opt-in plaintiffs have not responded for unknown reasons. *Id.* As a result, the Court will provide one last opportunity to the eight (8) opt-in plaintiffs, Donna L. Aiossa-McNally, Peter Bears, Robert Brown, Samuel Flores, Michael James Goeb, Marie E. Langston, Roberto Torres, and Campion E. Wylie, to show cause as to why they should not be sanctioned for violation of the Court's Orders (Docs. 98, 113). *Id.* The Court will take no further action on the Order to Show Cause (Doc. 113) against Plaintiffs and Plaintiffs' counsel.

### III. Plaintiffs' Motion to Compel (Doc. 117)

Plaintiffs allege that on October 14, 2016, Plaintiffs served a Second Request for Production to Defendant. Doc. 117 at 1. Defendant argues that according to Rules 6(d) and 5(b)(2)(E) of the Federal Rules of Civil Procedure,[3] he had thirty-three

---

[2] According to the Notice, one opt-in plaintiff is deceased, another is not within reach, and the other does not meet this case's class definitions. Doc. 119 at 3 n.1, 2, 3.

[3] Rule 6(d) allows additional three days for service for certain modes of service under Rule 5(b). Fed. R. Civ. P. 6(d). Effective December 1, 2016, service by electronic means under Rule 5(b)(2)(E) is no longer part of Rule 6(d). Fed. R. Civ. P. 6 advisory committee's

(33) days to respond to Plaintiffs' discovery request, making his response due on November 16, 2016. Doc. 120 at 5-6 ¶ 20. On November 16, 2016, Defendant objected as untimely to Plaintiffs' discovery request. Doc. 117 at 1-2 ¶ 4; Doc. 117-2.

Plaintiffs filed the present motion three days after the discovery deadline of November 15, 2016, seeking to compel Defendant to serve his response to Plaintiffs' discovery request. Docs. 99, 117. In support, Plaintiffs cite to *Rosa v. Wellington Academy, LLC*, in which the Court granted in part and denied in part the defendant's motion to extend the discovery deadline. No. 2:15-cv-187-FtM-38CM, 2016 WL 5373304, at *3 (M.D. Fla, Sept. 26, 2016). Plaintiffs also argue that Defendant engaged in gamesmanship by waiting the full thirty-three (33) days to respond in a short email. Doc. 117 at 3.

As Defendant correctly points out, the original CMSO plainly states that the parties "shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline." Doc. 41 at 2-3. This means that all discovery must be completed by the discovery deadline. *Mount Vernon Fire Ins. Co. v. National Fire Ins. Co., of Hartford*, No. 8:07-cv-1593-T-24EAJ, 2008 WL 2397606, at *2 (M.D. Fla., June 10, 2008). A responding party may object to untimely discovery requests on this basis, and the parties should not expect the Court to resolve discovery disputes arising after the discovery deadline. *Id.*

---

note to 2016 amendment.

Here, Plaintiff's discovery request was untimely. *See id.* (holding that discovery requests requiring responses after the discovery deadline were untimely). Knowing that Defendant's response deadline fell outside of the discovery deadline, however, Plaintiffs did not move to extend the discovery deadline before the discovery deadline expired. Doc. 117. Plaintiffs also demonstrate their full awareness of the Court's directives concerning the discovery deadline. *Id.* at 2. Plaintiffs' actions make this case distinguishable from *Rosa*, in which the defendant moved to extend the discovery deadline so that the plaintiff had sufficient time to respond to the defendant's discovery request before the discovery deadline. *See Rosa*, 2016 WL 5373304, at *1.

Furthermore, Plaintiffs' motion to compel also is untimely. According to the CMSO, "the Court may deny as untimely all motions to compel filed after the discovery deadline." Doc. 41 at 3. The Court considers several factors to determine whether the untimely motion to compel should be allowed on the merits. *Kearny Partners Fund, LLC ex rel. Lincoln Partners Fund, LLC v. U.S.*, No. 2:10-cv-153-FtM-99SPC, 2012 WL 5906895, at *1 (M.D. Fla., Nov. 26, 2012). The factors the Court considers are: "the danger of prejudice to respondent; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of movant; and whether movant acted in good faith, with primary importance accorded to absence of prejudice to respondent and the interests of judicial administration." *Id.* Plaintiffs also must demonstrate excusable neglect because their motion to compel was filed after the discovery

deadline. *Eli Research, LLC v. Must Have Info Inc.*, No. 2:13-cv-695-FtM-38CM, 2015 WL 4694046, at *2 (M.D. Fla., Aug. 6, 2015).

Here, the Court finds that the factors weigh in favor of denying Plaintiffs' motion to compel as untimely. *See Kearny Partners Fund*, 2012 WL 5906895, at *1. The procedural history of this case shows that the case has been pending for over two years since September 4, 2014. Doc. 1. The Court already extended the discovery deadline once on September 16, 2016. Docs. 98, 99. Yet, Plaintiffs do not address the relevant law or demonstrate excusable neglect in their brief. Doc. 117; *Eli Research,* 2015 WL 4694046, at *2. Furthermore, as Defendant points out, Plaintiffs do not explain why they could not have served their discovery request earlier. Docs. 117, 120 at 8. In light of the length of this case's procedural history and the upcoming deadline for dispositive motions, the Court finds that Plaintiffs' motion to compel should not be allowed on the merits.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Eight opt-in plaintiffs, Donna L. Aiossa-McNally, Peter Bears, Robert Brown, Samuel Flores, Michael James Goeb, Marie E. Langston, Roberto Torres, and Campion E. Wylie, shall have up to and including **December 19, 2016** to **SHOW CAUSE** in writing as to why sanctions should not be imposed for failure to comply with the Court's Orders (Docs. 98, 113). **Failure to respond to this Order to Show Cause may result in the imposition of sanctions without further notice.**

2. The Court will take **no further action** on **the Order to Show Cause** (Doc. 113) against Plaintiffs and Plaintiffs' counsel.

3. Plaintiffs' Motion to Compel (Doc. 117) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 13th day of December, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record