UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEVIN CALDERONE, GEORGE
SCHWING, MICHAEL ZALESKI and
SELENA LEE, an individual

       Plaintiffs,

v.                              Case No: 2:14-cv-519-FtM-PAM-CM

MICHAEL SCOTT,

       Defendant.

_____

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of Opt-In Plaintiffs' Notice re:

Doc. 125 (Doc. 126) filed on December 20, 2016.

On September 4, 2014, Plaintiffs Kevin Calderone, George Schwing, Michael

Zalenski, and Selena Lee ("Plaintiffs") filed a Complaint against Defendant Michael

Scott ("Defendant").   Doc. 1.   On December 29, 2014, Plaintiffs filed an Amended

Collective & Class Action Complaint ("Amended Complaint") on behalf of themselves

and other similarly situated employees against Defendant in his official capacity

under the Fair Labor Standards Act ("FLSA") and the Florida Minimum Wage Act

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.   **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

("FMWA").[2]   Doc. 11.   Plaintiffs are former employees of the Lee County Sheriff's Office, and Defendant is Sheriff of Lee County, Florida.   *Id.* at 2-3 ¶¶ 2-6.   Plaintiffs allege that Defendant required or permitted his employees to work "off-the-clock" for which the employees were not compensated.   *Id.* at 2-3 ¶¶ 20-21.

On May 28, 2015, Senior United States District Judge John E. Steele entered a Case Management and Scheduling Order ("CMSO") setting the deadline for disclosure of expert reports to September 14, 2016 for Plaintiffs and to October 14, 2016 for Defendant, the discovery deadline to November 1, 2016, the deadline for dispositive motions to December 1, 2016, and a trial term of March 6, 2017.   Doc. 41. Subsequently, on July 16, 2015, Judge Steele granted Plaintiffs' motion for conditional certification pursuant to 29 U.S.C. § 216(b).   Doc. 54 at 4-5.   Plaintiffs' putative class consists of former or current deputy sheriffs who, in the past three years, allegedly performed off-the-clock work for which they were not compensated in violation of the FLSA.   Doc. 68 at 1.   As of this date, sixty-four plaintiffs have opted in.   Doc. 89 at 3.

Here, although on September 19, 2016 and November 14, 2016, the Court ordered the opt-in plaintiffs to respond to Defendant's discovery requests, eight opt-in plaintiffs, Donna L. Aiossa-McNally, Peter Bears, Robert Brown, Samuel Flores, Michael James Goeb, Marie E. Langston, Roberto Torres, and Campion E. Wylie, did

---

[2] Plaintiffs also alleged Counts V and VI of Unjust Enrichment against Defendant. Doc. 11 at 24-26.   On April 16, 2015, Senior United States District Judge John E. Steele granted Defendant's motion to dismiss Counts V and VI and dismissed Counts V and VI of the Amended Complaint.   Doc. 38 at 5.

not respond to Defendant's discovery requests.   Docs. 98, 113.   Because of the eight opt-in plaintiffs' non-compliance with the Court's two previous Orders (Docs. 98, 113), the Court ordered them to show cause as to why sanctions should not be imposed for their failure to comply with the Court's Orders.   Doc. 125.   In its Order to Show Cause, the Court warned that the opt-in plaintiffs' failure to respond to the Order to Show Cause would result in the imposition of sanctions without further notice.   *Id.* at 7.   Five opt-in plaintiffs, Donna L. Aiossa-McNally, Peter Bears, Robert Brown, Michael James Goeb, Campion E. Wylie, filed a Notice that they now have responded to Defendant's discovery requests.   Doc. 126 at 1.   One opt-in plaintiff, Samuel Flores, now wishes to opt out of this action.   *Id.* at 2.   Two opt-in plaintiffs, Marie E. Langston and Roberto Torres, did not provide to their counsel nor to Defendant their responses to Defendant's discovery requests.   *Id.*   They also did not explain their conduct in response to the Court's Order to Show Cause (Doc. 125).   *Id.*

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides that if a party fails to obey a discovery order, the court where the action is pending may issue "further just orders" such as:

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party.

Fed. R. Civ. Pro. 37(b)(2)(A).   The courts enjoys "substantial discretion in deciding whether and how to impose sanctions under Rule 37." *Chudasama v. Mazada Motor Corp.*, 123 F.3d. 1353, 1366 (11th Cir. 1997).   In imposing sanctions, the court may consider "the unsuitability of another remedy, the intransigence of a party, and the

absence of an excuse." *Watkis v. Payless ShoeSource, Inc.*, 174 F.R.D. 113, 116 (M.D. Fla. 1997).

"Although dismissal with prejudice is the most severe Rule 37 sanction, dismissal may be appropriate when a [party's] recalcitrance is due to willfulness, bad faith or fault." *Id.* The courts find bad faith when a party delays or disrupts the litigation or hampers enforcement of a court order. *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006); *Marcelle v. Am. Nat'l Delivery, Inc.*, No. 3:09-cv-82-J-34MCR, 2010 WL 1655537, at *4 (M.D. Fla., Apr. 23, 2010) (holding that the defendant's failure to attend the depositions and comply with the court's discovery order was part of a pattern of willful disobedience and warranted a sanction of default judgment). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Watkis*, 174 F.R.D. at 116.

Here, the Court finds that the two opt-in plaintiffs' disregard of the Court's two discovery orders was willful and in bad faith. Despite the Court's warning, the two opt-in plaintiffs repeatedly resisted the Court's Orders by not responding to Defendant's discovery responses even after the Court directed them to show cause. Docs. 98, 113, 125, 126; *see Marcelle*, 2010 WL 1655537, at *4. Furthermore, the two plaintiffs did not explain their misconduct although they had an opportunity to do so when the Court issued the Order to Show Cause. *See Marcelle*, 2010 WL 1655537, at *4; Doc. 125. By willfully halting the discovery process, the two opt-in plaintiffs caused prejudice to Defendant by depriving Defendant of an opportunity to

evaluate their claims.   *See id.*; *In re Seroquel Prods. Liab. Litig.*, 244 F.R.D. 650, 665 (M.D. Fla., 2007) ("Failure to product documents as ordered is sufficient prejudice, whether or not there is belated compliance.").   Based upon the two opt-in plaintiffs' continued failure to respond to the Court's Orders and to cooperate with their own counsel, the Court finds that lesser sanctions will not suffice and are likely to be ignored.   *Figueroa v. Image Rent A Car, Inc.*, No. 6:09-cv-1730-Orl-31DAB, 2010 WL 3062195, at *1 (M.D. Fla, July 15, 2010), *adopted by* 2010 WL 3062108 at *1 n1.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1.    The Court allow one opt-in plaintiff, Samuel Flores, to opt out from this action.

2.    The Court dismiss the two opt-in plaintiffs, Marie E. Langston and Roberto Torres, from this action.

**DONE** and **ENTERED** in Fort Myers, Florida on this 9th day of January, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record