UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

Kevin Calderone, George
Schwing, Michael Zaleski,
and Selena Lee,

        Plaintiffs,

v.

Mike Scott, as the duly
elected Sheriff of Lee
County, Florida,

        Defendant,

Civ. No. 2:14-519-FtM-PAM-CM

**MEMORANDUM AND ORDER**

_____

This matter is before the Court on Plaintiffs' Motion for Class Certification, Plaintiffs' Motion for Partial Summary Judgment, Defendant's Motion for Summary Judgment, and several motions in limine. For the following reasons, the Motion for Class Certification is denied, Defendant's Motion for Summary Judgment is granted, Plaintiffs' Motion for Summary Judgment is denied, and the remaining Motions are denied as moot.

**BACKGROUND**

Plaintiffs are former Lee County Sheriff's deputies. Some Plaintiffs worked in the road-patrol unit, others worked in the traffic unit, and still others were detectives. Full-time Lee County sheriff's deputies typically work 84 hours in a two-week period. (Rairden Aff. (Docket No. 49) ¶ 5.) If a deputy works more than 84 hours in a two-week period, the deputy receives overtime pay of time-and-a-half for those additional hours. (Reno Aff. (Docket No. 48) Ex. 1 at 12 (Lee Cnty. Sheriff's Office Operations Manual

Ch. 22.1.1.2(4)).) Because of budgetary constraints, deputies are required to obtain their supervisor's approval for overtime. (Id. ¶¶ 6-7.)

Patrol deputies drive a marked patrol car and are allowed to use that car to commute to and from their homes. Patrol deputies do not report their commute time as work time, even though deputies are expected to have their radios on and to respond to any emergencies they see during their commute. (Rairden Aff. ¶ 5.) If a deputy responds to an emergency or other call, he or she reports that time as work time on their time cards. (Id.) The deputy may receive compensatory time off for the time spent responding to such calls, or may be authorized for overtime for that time. (Id.) Plaintiffs who were assigned road-patrol duties contend that they should have been paid for the time spent commuting to and from their homes.

Patrol deputies are usually required to attend Roll Call at the beginning of each day, although the timing of Roll Call and whether each deputy is actually required to attend varies depending on the specific District to which the deputy is assigned and other factors such as operational emergencies. (Id. ¶¶ 6, 9.) Traffic unit deputies do not attend Roll Call, and their shifts commence when they leave their residences. (Id. ¶ 6.) Similarly, detectives do not attend Roll Call and are also authorized to wear plain clothes. (Id. ¶ 7.) As noted, Plaintiffs do not mention the Roll Call argument in their opposition memorandum and thus appear to have abandoned it.

All Plaintiffs contend that they were required to wear "protective clothing" in the form of a duty belt. They claim that they should have been paid for the time they spent putting on and taking off this "protective clothing," which they allege takes 30 minutes.

2

The Sheriff argues that patrol deputies were not required to wear anything other than their identification, firearm, and badge while commuting, and could put on any other required equipment at the beginning of their shift at the station. Plaintiffs also allege that they were not paid for pre- and post-shift briefings, although this claim is not mentioned in the briefing and thus it appears that Plaintiffs are abandoning this portion of their claims. Plaintiffs assert claims for violations of the federal Fair Labor Standards Act ("FLSA"), and the Florida Minimum Wage Act ("FMWA").[1]

Plaintiffs' expert witness, Dr. G. Edward Anderson, opines that members of the putative Plaintiff class worked an average of 6.7 uncompensated hours per week for these allegedly compensatory activities, or 13.4 hours per two-week pay period. (Anderson Report (Docket No. 108-6) at 6.) Dr. Anderson did not opine as to what portion of that uncompensated time was spent donning and doffing, attending Roll Call, or other activities.

Named Plaintiff Kevin Calderone worked both as a road-patrol deputy and as a detective. (Calderone Dep. (Docket No. 122) at 14-15.) Plaintiff George Schwing was a road-patrol deputy. (Schwing Dep. (Docket No. 123) at 16.) Plaintiff Michael Zaleski was a detective. (Zaleski Dep. (Docket No. 124) at 10.) Plaintiff Selena Lee worked in the traffic unit. (Lee Dep. (Docket No. 115-1) at 9.). Lee also served as a Drug

---

[1] The allegations in this case are substantively identical to those in Llorca v. Rambosk, M.D. Fla. No. 2:15cv17, which involved a Collier County Sheriff's Deputy. The Court dismissed that matter, finding no genuine issues of material fact on the deputy's FMWA or FLSA claims. (Jan. 5, 2017, Mem. & Order (Docket No. 71).)

3

Recognition Expert, a position that required her to evaluate detainees at the county jail and to be on call for those evaluations. (Id. at 20-21.).

In addition to the named Plaintiffs, 58 current and former Deputies have opted into the conditionally certified FLSA class. The Sheriff contends that three of these putative Plaintiffs were not employed by the Sheriff's Office during the FLSA limitations periods, which is three years. 29 U.S.C. § 255(a). Even excluding these three individuals, the FLSA class consists of at least 59 individuals.

## DISCUSSION

### A.   Summary Judgment

Summary judgment is proper only if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001). When opposing a motion for summary judgment, the nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials and must do more than simply show that there

is some metaphysical doubt as to the material facts.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

### 1.     Florida Minimum Wage Act

The FMWA provides for a minimum hourly wage "for all hours worked in Florida."  Fla. Stat. § 448.110(3).  The statute of limitations for claims under the FMWA is five years.  Id. § 95.11(2)(d).  Thus, the relevant minimum hourly wage for purposes of this lawsuit ranges from $7.21 in 2009 to $7.93 in 2014.  See Florida Minimum Wage History 2000 to 2016, http://sitefinity.floridajobs.org/docs/default-source/2016-minimum-wage-increases/florida-minimum-wage-history-2000-2016.pdf  (last visited February 21, 2017).

Each Plaintiff admits that their hourly pay was significantly higher than $8 per hour.  Plaintiff Lee was the lowest-paid named Plaintiff, receiving $19.37 an hour.  The other named Plaintiffs' wages varied from more than $21 per hour to more than $24 per hour.

As in Llorca, Plaintiffs argue that the FMWA requires that employees be paid for each hour of compensable time they worked.  Thus, Plaintiffs contend that it is improper to average their wages, because they were not paid anything for the time they allegedly worked over and above the 84 hours per pay period.

But as this Court determined in Llorca, this argument is contrary to settled precedent from within this Circuit:

> Other decisions in this District have similarly found that the correct calculation for minimum-wage violations is the average pay for total hours worked.  In one case, the plaintiff asked the Court to "adopt a position

5

> whereby the Defendants would violate minimum wage laws if [the plaintiff] was not compensated at a minimum wage for each hour worked, rather than on average for a given workweek." Roop v. Wrecker & Storage of Brevard Inc., No. 6:12cv1387, 2013 WL 5929032, at *4 (M.D. Fla. Nov. 1, 2013) (emphasis in original). This is the same position Llorca advocates here. As the Roop court noted, the Eleventh Circuit affirmed—albeit without addressing the minimum-wage claim—a decision that specifically found that "[t]he effective hourly rate for determining minimum wage violations is calculated by dividing the amount of compensation paid during a workweek by the total number of hours the employee worked during that workweek." Id. (quoting Walters v. Am. Coach Lines of Miami, Inc., 569 F. Supp. 2d 1270, 1300 (S.D. Fla. 2008), aff'd, 575 F.3d 1221 (11th Cir. 2009)). As in Roop, Llorca has provided no authority that the FMWA requires a different calculation. See also Crossley v. Armstrong Homes, Inc., No. 5:14cv636, 2015 WL 2238347, at *6 (M.D. Fla. May 12, 2015) (finding that FMWA claims must be analyzed based on weekly average hours worked divided by pay); Betancourt v. Gen. Servs. of VA, Inc., No. 8:14cv1219, 2015 WL 6446071 (M.D. Fla. Oct. 23, 2015) ("An employer satisfies its minimum wage obligation by paying, for a workweek, an amount that exceeds the product of the numbers of hours worked times the applicable minimum wage."); Steiner-Out v. Lone Palm Golf Club, LLC, No. 8:10cv2248, 2010 WL 4366299, at *2 (M.D. Fla. Oct. 23, 2010) (finding that the workweek is the proper standard for determining minimum wage); Del Rosario v. Labor Ready Southeast, Inc., 124 F. Supp. 3d 1300, 1311 (S.D. Fla. 2015) (citing Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 580 n.16 (1942), for its holding "that to determine whether minimum wage law has been violated, one must divide total weekly pay received by total number of hours worked").

(Mem. & Order (Docket No. 71) at 4-5, Llorca v. Rambosk, M.D. Fla. No. 15cv17 (Jan. 5, 2017).)

Plaintiffs do not argue that their average pay, even including the 13.4 hours per pay period for which they allegedly should have been compensated, falls below the Florida minimum wage. As in Llorca, Plaintiffs' FMWA claims fail as a matter of law.

6

### 2.     FLSA

But whether Plaintiffs are correct regarding the appropriate way to calculate minimum wage is ultimately irrelevant, because Plaintiffs are not due any compensation for the time spent commuting or being on call, or for donning and doffing.

    a.     <u>Commute and on-call time</u>

Plaintiffs' arguments regarding compensation for their off-duty commute time is directly contrary to Department of Labor regulations.

> A police officer, who has completed his or her tour of duty and who is given a patrol car to drive home and use on personal business, is not working during the travel time even where the radio must be left on so that the officer can respond to emergency calls.  Of course, the time spent in responding to such calls is compensable.

29 C.F.R. § 553.221(f).  Plaintiffs also seem to argue that their walking time from the parking lot into the station should be compensated, but offer no authority for this contention, and the Court will not construct an argument that Plaintiffs have not made.

Finally, Plaintiffs contend that they should be paid for time spent on call.  On-call status only applies to certain deputies, such as detectives and the Drug Recognition Experts.  But Lee County Sheriff's Office on-call requirements are not the sort of requirements that convert on-call time into compensable time.  See <u>Ingram v. Cnty. of Bucks</u>, 144 F.3d 265, 268-69 (3rd Cir. 1998) (discussing factors and noting that "the test is not whether the employee has 'substantially the same flexibility or freedom as he would if not on call, else all or almost all on-call time would be working time, a proposition that settled case law and the administrative guidelines clearly reject'") (quoting <u>Bright v. Houston Nw. Med. Ctr.</u>, 934 F.2d 671, 677 (5th Cir. 1991) (en banc)).

Rather, the Sheriff only requires that on-call deputies be available to report to work within an hour. (Lee Dep. at 21 ("I would have to be able to respond to the jail within an hour. Which meant that I had to carry my department phone with me.").) There are no other restrictions on a deputy's personal activities while on call.

The regulations unequivocally establish that this sort of on-call time is not compensable. "An employee who is not required to remain on the employer's premises but is merely required to leave word at home or with company officials where he or she may be reached is not working while on call." 29 C.F.R. § 533.221(d); see also id. (noting that on-call time is compensable only "where the conditions placed on the employee's activities are so restrictive that the employee cannot use the time effectively for personal pursuits"). Plaintiffs' claim that on-call time should have been considered on-duty time is without merit.

      b.    Donning/Doffing[2]

The Department of Labor has determined that "if employees have the option and ability to change into the required gear at home, changing into that gear is not a principal activity, even when it takes place at the [workplace]." Wage & Hour Adv. Mem. No. 2006-2, at 3 (May 31, 2006). Here, the Sheriff's Office did not require deputies to put on any particular gear at any time, but merely required that the gear be with the deputy during his or her shift. (Estep Dep. (Docket No. 108-6) at 54-55.) The donning and

---

[2] Plaintiffs' Motion for Partial Summary Judgment alleged that summary judgment was appropriate only on Plaintiffs' donning and doffing claim.

doffing Plaintiffs allege was likely nothing more than de minimis, but even if it was more than de minimis, it is not compensable. Plaintiffs' claims in this regard fail.

**B.    Class Certification**

At the hearing on the pending Motions, the parties argued that granting Defendant's Motion for Summary Judgment would not dispose of the pending class-certification Motion, citing Martin-Mendoza v. Champion International Corporation, 340 F.3d 1200, 1215-16 (11th Cir. 2003). But Martin-Mendoza does not stand for the proposition that a Court must, in all cases, determine class certification where the named plaintiffs' claims are dismissed or otherwise disposed of.

In Martin-Mendoza, the trial court ruled that the two corporate defendants were not joint employers, dismissed one of the defendants, and entered judgment without addressing the class certification issue. 340 F.3d at 1204. The Eleventh Circuit found that the court's failure to consider class certification was in error, because the ruling on the joint employer issue did not necessarily mean that no class could be certified. Id. at 1215-16. In other words, because the case might continue in some form, either with other plaintiffs or as to the other corporate defendant, resolution of the class certification issue was still required.

Here, however, Plaintiffs' claims fail on substantive grounds. Plaintiffs cannot represent a class of any individuals because even taking Plaintiffs' allegations as true, Defendant has not violated any laws. The conduct alleged in the Amended Complaint

9

simply does not violate the FMWA,[3] and thus not only is there no class to maintain, but there are no individuals who could represent any class. Put another way, there are no claims that are common to the class, Fed. R. Civ. P. 23(a), and there are no claims that predominate over other claims. Id. R. 23(b)(3). Class certification is thus denied.

**C.     Other Motions**

Having concluded that Plaintiffs' claims fail as a matter of law, the remaining Motions are moot.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiffs' Motion for Class Certification (Docket No. 108) is **DENIED**;

2. Plaintiffs' Motion for Partial Summary Judgment (Docket No. 109) is **DENIED**;

3. Defendant's Motion for Summary Judgment (Docket No. 129) is **GRANTED**;

4. Plaintiffs' Motion in Limine (Docket No. 107) is **DENIED as moot**;

5. Defendant's Motion to Exclude (Docket No. 130) is **DENIED as moot**; and

---

[3] Plaintiffs' Rule 23 class-certification request is limited to a class advancing FMWA claims. (Docket No. 108 at 3.) The Court previously granted Plaintiffs conditional certification of their claims under FLSA. However, any final certification of a FLSA class would fail for the same reason that the FMWA class certification fails: Plaintiffs have not established that Defendant violated the FLSA.

     6.     The Amended Complaint (Docket No. 11) is **DISMISSED with prejudice**.

**The Clerk shall enter judgment accordingly, terminate all remaining deadlines as moot, and close the file.**

Dated:   *February 27, 2017*

                                              *s/ Paul A. Magnuson*
                                              Paul A. Magnuson
                                              United States District Court Judge